BEATRICE SACHS STADIEM v. ISAAC STADIEM; COMMERCIAL NATIONAL BANK OF KINSTON, KINSTON, N. C.; BRANCH BANKING & TRUST COMPANY, KINSTON, N. C.; AND FIRST CITIZENS BANK & TRUST COMPANY, KINSTON, N. C.

(Filed 20 April, 1949.)

**1. Divorce § 12—**

In an action under G.S. 50-16 for alimony without divorce, the amount of attorneys' fees allowable to plaintiff's counsel is for the determination of the trial court in its discretion, with reference to the condition and circumstances of the defendant, among other things, and the amount allowed is subject to review only for abuse of discretion.

**2. Same—**

The fact that after the institution of the action the client abandons the suit instituted in this State and institutes another suit for divorce in another state, and counsel employed here are permitted to withdraw since no further services could be performed, does not affect such counsel's right to an order allowing them counsel fees out of the property of defendant for the services performed here in good faith.

**3. Same—**

The fact that an order allowing counsel fees has been entered in an action under G.S. 50-16 does not preclude the court from thereafter entering a second order allowing additional counsel fees for subsequent services.

**4. Same—**

On this appeal from an order allowing additional counsel fees under G.S. 50-16, the amount *is held* not so unreasonable as to constitute an abuse

of discretion when viewed in the light of the circumstances under which made.

APPEAL of defendant, Isaac Stadiem, from *Hamilton, Special Judge,* at New Bern, N. C., October 16, 1948, as of May Term, 1948, LENOIR Superior Court.

*Thomas J. White, H. Frank Owens, Jr., and J. A. Jones for petitioner appellees.*

*H. P. Whitehurst and R. E. Whitehurst for defendant appellant.*

SEAWELL, J.   The appeal is from an order of Hamilton, S. J., allowing to Thomas J. White, H. Frank Owens, Jr., and J. A. Jones of the Kinston Bar, attorneys' fees *pendente lite* as counsel representing the plaintiff in the above captioned proceeding for alimony without divorce against her husband, Isaac Stadiem.   The appeal is by the defendant in that proceeding.

The brief of appellant admits that the sole question involved is whether the judge abused his discretion in making the award; arguing in the brief that the allowance was not properly related to the services rendered plaintiff in the proceeding; or the condition and circumstances of the defendant; his estate, financial status, and ability to pay.

The plaintiff, contemplating bringing the alimony proceeding, employed the named attorneys to represent her.   These held numerous conferences, claimed to be necessary to the investigation of the case, lasting from August 18, 1947, until September 6, inclusive.   On September 6 they filed plaintiff's petition for alimony without divorce in Lenoir Superior Court.   The hearing was scheduled for the 13th but was postponed to a later date.   On the 13th of September, however, on the hearing of the plaintiff's motion before Judge Henry L. Stevens, a consent order was signed making provision for the support of the plaintiff *pendente lite;* and on September 30 an order was made allowing $500 attorneys' fees *pendente lite* to her attorneys, J. A. Jones and Thomas J. White, above named.   That order finds as a fact "that J. A. Jones and Thomas J. White have rendered valuable services to the plaintiff."

In the motion now under review on defendant's appeal therefrom, considered as an affidavit, it is stated that the hearing of the cause did not come off on the 13th as expected but was continued; and that in order to meet the date of trial the movents,—plaintiff's lawyers,—had spent much of their time and were largely occupied after the continuance in labors connected with the case; that during the pendency of the proceeding plaintiff's attorneys, including Owens,—not named in the above order,—on account of the conduct of defendant who constantly made dis-

turbing demands on plaintiff, were compelled for a long period of time to have daily conferences with their client until March 1, 1948, when, without the knowledge or consent of her lawyers, she left Kinston for New York City, carrying the child with her, and is there now supported by Stadiem under what conditions is not stated. They further allege that in addition to the services performed in North Carolina, they were compelled to extend investigation to New York where they spent several days in investigation of the defendant's conduct, particularly his relations with other women. They say the proceeding instituted in behalf of the plaintiff was continued from time to time and during its pendency movents were necessarily engaged in "more than 79 conferences in length from one to 17 hours" in the necessary performance of their duties as counsel.

The client finally brought action in New York against her husband for divorce on the ground of adultery; and her counsel in this State were finally permitted to withdraw from the proceeding. The proceeding, on the record, is still pending.

The movents exhibited statements of the financial condition of the defendant from which the court found substantially that he had an income from his mercantile business of at least $100 per week; that he owned properties, real and personal, worth at least $37,759.92, and that amongst his assets there was at least $10,000 in checking and savings accounts in named banks "and that $1,000 was a reasonable sum for and in behalf of the named petitioners."

When allowable, the amount of attorneys' fees in a case of this sort is within the sound discretion of the court below and is unappealable except for abuse of that discretion. The statute itself, however, contains some guides to the exercise of that discretion and practice has developed others. Within the rule of reasonableness the court must consider along with other things the condition and circumstances of the defendant. Generally speaking, in this respect G.S. 50-16 runs parallel with section 50-15 regarding allowances for attorneys' fees.

The original attorneys for the defendant do not appear in this cause; he is now represented by other counsel who contend and argue that plaintiff's case was overloaded with counsel and that one only might have handled the case. The movents in a counter thrust point out that during the pendency of this action many lawyers of distinction were from time to time employed by the defendant: Messrs. Whitaker & Jeffress, Kinston; Mr. K. A. Pittman, Snow Hill; Mr. John D. Larkins, Jr., Trenton; Mr. Ottway Burton, Asheboro; Messrs. Sutton & Greene, Kinston; Mr. H. P. Whitehurst, New Bern; and Mr. R. E. Whitehurst, New Bern; and they have been compelled to do battle with this array.

It is further argued by appellant that movents have much extended the nature and importance of various conferences had since the initial allowance of $500 in order to show services meriting the later allowance; and moreover, that the allowance of $1,000 was entirely out of line with the estate and financial condition of the defendant and so unreasonable as to constitute an abuse of discretion.

At the time Judge Hamilton's order was made it had become largely a question of the services already rendered, and no award could have been made with a view to prospective services, as movents' client had seen fit to seek remedy by another route and with new counsel. Whoever was responsible for this new move does not appear; it does appear, however, that the movents themselves were not at fault; and the services, whatever they were, appear to have been rendered in good faith; and the findings of fact by the court with regard to them cannot be assumed to be perfunctory.

The fact that the efforts of the attorneys on behalf of their client, made in good faith, were, without fault on their part but by the voluntary act of the client, in which they did not participate, rendered unfruitful, and they were permtted to withdraw since no further services could be performed, could not affect the validity of the order. *McFetters v. Mc-Fetters,* 219 N.C. 731, 14 S.E. 2d 833.

The statute itself provides for amendment to the orders allowing subsistence of attorneys' fees from time to time *during the pendency of the action;* and it necessarily follows that allowances may be made for past services as well as those prospective and that the initial order allowing attorneys' fees does not, *per se,* write "paid in full" against allowances subsequently made during the pendency of the action. See *McFetters v. McFetters, supra.*

In much of the foregoing the court has merely given expression in different phraseology to the text of the statute and applied the clear-cut rules laid down in the case of *McFetters v. McFetters, supra,* q. v.

There are so many elements to be considered in an allowance of this kind;—the nature and worth of the services; the magnitude of the task imposed; reasonable consideration for the defendant's condition and financial circumstances,—these and many other considerations are involved. On this appeal the question before us is not whether the award may not have been larger than that anticipated or even usual in cases of that kind; but whether in consideration of the circumstances under which it was made it was so unreasonable as to constitute an abuse of discretion.

We cannot find that the order was such as to transcend the discretion of the court. Having reached this conclusion as to its validity, we cannot question its propriety. The order is

Affirmed.