620 P.2d 709

**William P. O'NEAL and Jane D. O'Neal, husband and wife, and Harry G. Brown and Pattye C. Brown, husband and wife, Plaintiffs/Appellants,**

**v.**

**Howard S. HORNE, an unmarried man, Defendant/Appellee.**

**No. 2 CA–CIV 3688.**

Court of Appeals of Arizona, Division 2.

Dec. 1, 1980.

Lohse & Bloom by Ashby I. Lohse, Tucson, for plaintiffs/appellants.

Molloy, Jones, Donahue, Trachta, Childers & Mallamo, P. C. by Michael J. Meehan, Tucson, for defendant/appellee.

## OPINION

RICHMOND, Judge.

The question on this appeal is whether appellants had a right to accelerate payment of a promissory note. Facts most favorable to support the judgment are as follows.

Appellee in settlement of a lawsuit purchased the interests of the appellants in certain real property by executing and delivering a promissory note. In the note he promised to pay appellants $29,700 in semi-annual installments of at least $1,500, including interest of eight per cent per annum beginning March 1, 1978. Appellee was to make payment to appellants "at CONTINENTAL SERVICE CORPORATION [an escrow/collection agent], P. O. Box 500, Phoenix, Arizona." The note included a clause which read:

Should default be made in the payment of any installment when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note, with interest from date of such default at eight per cent per annum until paid on the entire unpaid principal and interest.

On February 27, 1978, a check in the amount of the first installment was mailed from appellee's office to the designated post office box in Phoenix. Continental never received the payment and so informed appellants. On March 3 appellants removed the note from escrow. By letter dated March 8 appellee was notified of these developments and that appellants had declared the note immediately due and payable at their attorney's office.

On March 9 appellee sent a second check to Continental with an explanation about sending the earlier check. Continental inquired of appellants what should be done with the second check but appellants did not respond. The check was returned by Continental to appellee.

Subsequently, appellants instituted this action for the full amount of the note with interest, contending that default had occurred as to the March 1 installment, acceleration of the note was appropriate, and no valid tender had ever been made by appellee. After a trial to the court, judgment was entered in favor of appellee. The court ordered that appellee's check for $6,000.00 filed in court be forwarded to the appellants to be credited as the installments due on the note to that date.

Although appellants raise several other issues, the basic question before the trial court was whether they properly accelerated the promissory note. The court concluded that acceleration was improper. Its order essentially returned the parties to their original positions.

■ Since findings of fact were not requested or made, we presume the court found every fact necessary to support the judgment. *Neal v. Neal*, 116 Ariz. 590, 570 P.2d 758 (1970). Such presumptive findings must be sustained if the evidence on reasonable construction justifies them. *Id.* The evidence supports the judgment.

■ Under the terms of the promissory note the amounts owing to appellants were to be paid at a Phoenix post office box. The note designates only one place of payment, the post office box, and the mail was

**332**

the only way to deliver the payment to that place. Therefore, appellants impliedly agreed to accept payment by mail in accepting the terms of the note. Because they consented to payment by mail, risk of loss by non–delivery falls on appellants, not appellee. *Cf. Balmoral Arms v. Rutkin*, 104 N.J.Super. 354, 250 A.2d 50 (1969) (plaintiff impliedly consented to payment by mail by course of dealing). *See also Kerin v. Udolf*, 165 Conn. 264, 334 A.2d 434 (1973); *Laredo Hides Co., Inc. v. H. & H. Meat Products Co., Inc.*, 513 S.W.2d 210 (Tex.Civ.App. 1974). Appellee promptly mailed a replacement check when he was notified of non–delivery. That he had mailed the original check on February 27, 1978, was undisputed.

■ Appellants assert that after the note was retrieved from escrow on March 3, tender to Continental no longer constituted valid tender. We disagree. When an obligation is made payable at a certain place a valid tender may be made at the designated place. *See Gulf Production Co. v. Perry*, 51 S.W.2d 1107 (Tex.Civ.App.1953).

■ Appellants also argue that no tender of the subsequent installments due before trial was made until the day of trial.[1] "The law does not require one to do a vain and futile thing." *Schmitt v. Sapp*, 71 Ariz. 48, 223 P.2d 403 (1950). By suing on the note as accelerated, appellants communicated to appellee that the entire amount was due and that payment of the installments was not acceptable. Appellee's tender at trial was consistent with his position.

Affirmed.

HATHAWAY, C. J. and HOWARD, J., concur.

---

**1.** We reject appellants' contention that the wrong payee on the $6,000 check invalidates the tender. They did not raise the issue at trial

and, while continuing to hold the check, have never requested that another check with a different payee be substituted.