Driftwood Manor Investors v. City Federal Savings & Loan

---

verdict issue, plaintiff had adequately established the necessary elements of his negligence action. We hold that the trial judge erred in entering a directed verdict.

We are not persuaded that the failure of the saphenous vein graft effectively insulated any prior breach of care on Dr. Hedrick's part. Dr. Stocks' testimony was that one of the possible reasons for the clotting in his first vein graft, resulting in its subsequent failure, might have been a defective valve in the vein itself. This testimony in no way removes defendant's negligence as at least one proximate cause of plaintiff's injury. A defendant's negligence need not be the sole proximate cause of injury or the last act of negligence in order to impose liability. *Hester v. Miller*, 41 N.C. App. 509, 255 S.E. 2d 318, *rev. denied*, 298 N.C. 296, 259 S.E. 2d 913 (1979).

Because we find error in the entry of the directed verdict in favor of the defendant, we do not reach plaintiff's remaining assignments of error.

Reversed.

Judges WELLS and BECTON concur.

---

DRIFTWOOD MANOR INVESTORS v. CITY FEDERAL SAVINGS AND LOAN ASSOCIATION AND JAMES M. KIMZEY, SUBSTITUTE TRUSTEE

No. 8210SC942

(Filed 2 August 1983)

1. **Mortgages and Deeds of Trust § 15— limiting assumption to written approval—sale of property subject to deed of trust different**

    Where a deed of trust stated that it may only be assumed if defendant gives prior written approval, and if the property is transferred without such written approval, defendant may declare the balance due and payable, defendant was not entitled to accelerate the indebtedness when the property was sold subject to the deed of trust.

2. **Mortgages and Deeds of Trust § 19.6; Waiver § 1— waiver of right to insist on punctual payment**

    Where a holder of a note has repeatedly accepted monthly installment payments after their respective due date, the note holder will be held to have

waived the right to insist on punctual payment unless prior to the late payment the noteholder notified the payor that prompt payment is again required.

APPEAL by defendant City Federal Savings and Loan from *Battle, Judge.* Judgment entered 17 May 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 9 June 1983.

This action is a consolidation of a foreclosure proceeding instituted by defendant pursuant to a deed of trust held by it which encumbers property owned by plaintiff, and a civil action brought by plaintiff seeking to enjoin the foreclosure proceeding and requesting a declaration that defendant is not entitled to foreclosure. On 4 March 1971, James F. Kirkpatrick, the owner of a residential apartment complex now known as "Driftwood Manor Apartments" (hereinafter the Apartments), executed a deed of trust on the real property comprising the apartment complex to Charles L. Fulton, Trustee for defendant. This deed of trust secured a promissory note executed by Mr. Kirkpatrick in an amount over three million dollars.

Relevant provisions of the deed of trust state as follows:

"[P]rincipal and interest shall be payable in monthly installments as follows:

TWENTY-EIGHT THOUSAND TWO HUNDRED FOUR AND 16/100 ($28,204.16) DOLLARS on the first day of April 1973, and a like amount on the first day of each month thereafter . . . .

         . . . .

If the said party of the first part shall fail or neglect to pay the interest on said Note, or any part of same, as and when the same may hereafter become due, or the whole or any part of the principal when the same shall be or become due and collectible, according to the terms and provisions of said Note and the covenants and conditions of this Deed of Trust, or shall fail to perform any of the covenants and conditions herein set and agreed to be performed by the party of the first part . . . and in any and all such cases, the entire amount of said Note, principal and interest, and all other amounts that may be secured by this Deed of Trust, shall at the option of the party of the third part immediately mature and become due and collectible, anything herein or in said

Note to the contrary notwithstanding, and on application to the party of the third part, it shall be lawful for and the duty of the party of the second part . . . (foreclosure provisions here follow).

. . . .

[Paragraph Fourteen:] This deed of trust may be assumed only if the party of the third part (City Federal) gives its prior written approval to the substitute mortgagor and if this property is transferred without such prior written approval the party of the third part (City Federal) may at its option, without notice, declare the entire remaining balance and all other sums secured hereby at once due and payable, anything herein contained to the contrary notwithstanding."

In February 1975, James F. Kirkpatrick conveyed the Apartments subject to the deed of trust to Driftwood Apartment Associates, a North Carolina limited partnership. In April 1979, Driftwood Apartment Associates conveyed the Apartments, subject to the deed of trust, to Syntek of Florida, Inc., who immediately upon acquiring title conveyed the Apartments subject to the deed of trust to plaintiff, Driftwood Manor Investors, which is a North Carolina joint venture. The prior written approval of defendant was never requested or given for any of these transfers.

From the time plaintiff acquired title to the Apartments in April 1979 until March 1980, plaintiff paid each monthly installment due on the note and deed of trust. Defendant, by and through its servicing agent, accepted all such monthly payments without objection or protest, even though all the payments were made after the first day of the month. The earliest date on which a payment was received was on the eighth of the month. Other payments were received at various dates later during the month for which they were due. The latest payment was on the twenty-ninth day of the month.

By a letter dated 5 March 1980, defendant notified plaintiff that the remaining payments under the note and deed of trust had been accelerated because of the transfers of the Apartments without defendant's prior approval, that the entire balance of the indebtedness was immediately due, and that the March 1980 in-

stallment payment would be returned, if received. The March 1980 payment was mailed to defendant's servicing agent no later than 5 March 1980, was received by it during the week of 14 March 1980, and was subsequently returned to plaintiff.

On 27 March 1980, defendant by and through the substitute trustee for the deed of trust, instituted a foreclosure proceeding. In the Notice of Hearing filed in this proceeding, defendant claimed the default under the note and deed of trust to be as follows:

"The default is (1) the transfer of the property secured by the Deed of Trust, as aforedescribed without first obtaining the prior written approval of the Owner and Holder of the Note and Deed of Trust in violation of covenant and agreement 'Fourteenth' contained in the original deed of trust recorded in Book 1960, Page 369, Wake County Registry; and, (2) failure to pay timely by 1 March 1980 the installment of principal and interest due on that date."

In April 1980, an Assistant Clerk of Superior Court made findings and authorized the trustee to proceed with foreclosure. Plaintiff duly appealed from the findings to the Superior Court. In May 1980, plaintiff brought an action in the Superior Court against defendant seeking to enjoin the foreclosure proceeding and requesting a declaration that there exists no default or no right to accelerate payment of the indebtedness under the note and deed of trust. Subsequently, both parties consented to a preliminary injunction with respect to the foreclosure action and to an order consolidating plaintiff's civil action with the foreclosure proceeding. In May 1982, the consolidated action was heard in Superior Court. At the close of all the evidence, the court granted plaintiff's motion for a directed verdict pursuant to G.S. 1A-1, Rule 50(a). The court denied defendant's motion for same made at the close of plaintiff's evidence and at the close of all the evidence.

From the judgment enjoining defendant from foreclosing the deed of trust, defendant appealed.

*Smith, Moore, Smith, Schell and Hunter, by Larry B. Sitton and E. Garrett Walker; and Joslin, Culbertson, Sedberry and Houck, by John K. Culbertson, for plaintiff appellee.*

*Manning, Fulton and Skinner, by Charles B. Morris, Jr. and Robert S. Shields, Jr., for defendant appellant.*

*Kimzey, Smith and McMillan, by James M. Kimzey, for James M. Kimzey, trustee.*

WEBB, Judge.

The issue in this case is whether a default has occurred under the deed of trust entitling defendant to accelerate the indebtedness and foreclose the property. Defendant argues that two separate defaults have occurred — (1) failure to obtain written approval prior to transfer of the security property (hereinafter the transfer default), and (2) failure to timely pay the March 1980 installment (hereinafter the payment default) — either of which alone is sufficient to entitle defendant to exercise the acceleration clause in the deed of trust. For the reasons that follow, we hold the trial court was correct in finding there is no default under the deed of trust and in directing a verdict for plaintiff.

### The Alleged Transfer Default

[1] The determination of whether a transfer default occurred in this case depends upon the interpretation given paragraph fourteen of the deed of trust. We read this paragraph to say the deed of trust may only be assumed if City Federal gives prior written approval, and if the property is transferred without such written approval, City Federal may declare the balance due and payable. The property was sold subject to the deed of trust. We believe the difference between a sale of real property with an assumption of the indebtedness and a sale subject to an indebtedness is well enough known in this state so that we should not hold that City Federal is entitled to accelerate the indebtedness when the property is sold subject to the deed of trust.

The defendant argues that the second clause of Paragraph Fourteen is separate and divisible from the first clause so that regardless of the first clause, it prohibits a sale of the property without the prior written approval of City Federal. We do not so

read this paragraph. We believe the use of the word "such" refers the prior written approval to the clause dealing with an assumption. It is only in case of an assumption that prior written approval is required.

Both the note and deed of trust provide that in the event of default, City Federal will look solely to the property covered by the deed of trust for satisfaction of the indebtedness and will not hold the maker of the note personally liable. The defendant argues that since it cannot look to the maker of the note in the event of default it has greater need to approve the owner of the property before a transfer is made. It says this is so because only by approving the property owner can it be assured that the property will be properly maintained. Whatever the needs of City Federal, we do not believe we can change the words of the agreement.

## The Alleged Late Payment Default

[2]   The issue presented by the facts of this case is whether the holder of a note who has repeatedly accepted monthly installment payments after their respective due dates will be allowed to accelerate the entire indebtedness because of a subsequent late payment. This is a case of first impression in North Carolina but the question has been addressed in numerous other jurisdictions. *See Northside Bank of Miami v. Melle*, 380 So. 2d 1322 (Fla. App. 1980); *Verner v. McLarty*, 213 Ga. 472, 99 S.E. 2d 890 (1957); *Federal Nat. Mortgage Ass'n v. Walter*, 363 P. 2d 293 (Okl. 1961); Annot. 97 A.L.R. 2d 997 (1964). We believe the majority of jurisdictions hold that a noteholder in this situation will be held to have waived the right to insist on punctual payment unless prior to the late payment the noteholder notified the payor that prompt payment is again required. We believe this is the better reasoned rule. We hold that on the facts of this case, City Federal waived the prompt payment of the March 1980 payment. This is without prejudice for City Federal to require payment by the first of each month in the future.

For the reasons stated in this opinion, we affirm the judgment of the Superior Court.

Affirmed.

Judges ARNOLD and BRASWELL concur.