C. WILLIAM BARKER, Plaintiff v. EDWARD C. AGEE, JAMES R. MABE, BRADFORD K. ROOT, FRANK E. WALL, VELPO D. WARD, JR. AND WARD AND COMPANY, P.A., Defendants/Third-Party Plaintiffs v. CITIZENS NATIONAL BANK, Third-Party Defendant

No. 8818SC696

(Filed 2 May 1989)

**1. Appeal and Error § 6.2— summary judgment—third party action—separate appeal—appeal not dismissed**

An appeal from a summary judgment was not dismissed even though the summary judgment order did not resolve defendants' third party action and was therefore not a final judgment where the third party defendant advised the court that a final judgment had been entered by the trial court, the issues involved in the main claim were separate and distinct from those involved in the third party action, and no useful purpose would be served by dismissing this appeal.

**2. Waiver § 1— note—acceptance of late payments—no waiver**

A noteholder did not waive his right to accelerate the debt where the note provided that payments were due on the first of the month and that the debt might be accelerated upon a default for fifteen or more days; all payments were made prior to the expiration of the fifteen-day grace period until August 1986, when a payment was not made until 22 August 1986; plaintiff accepted the payment without notifying defendants or the bank, which was to have made the payments automatically, that it had been late; the next default in payment occurred in 1987 when no payment was made; the next payment was made on 2 March 1987; plaintiff accepted that payment without notifying the other parties of its lateness; no additional payment was made before 15 March 1987; and plaintiff notified defendants of his intention to accelerate on 17 March 1987. No waiver results from isolated instances of acceptance of late payments; only a consistent course of accepting past due installments will preclude the noteholder from exercising the right to accelerate the debt.

**3. Estoppel § 4.2— note—acceptance of prior late payments—no estoppel of acceleration**

A noteholder's acceptance of prior late payments did not operate as an estoppel to his enforcement of the acceleration

clause in the note even though plaintiff did not alert defendants to the default because plaintiff took no affirmative action to mislead defendants. Mere silence will not operate to create an estoppel in the absence of a real or apparent duty to speak.

4. **Bills and Notes § 15— payment by wire transfer—failure of bank to transfer funds—plaintiff not precluded from accelerating**

A noteholder was not precluded from enforcing the acceleration clause in a note because the default was the result of a bank's error in not transferring funds by wire as agreed where the parties had agreed to payment by wire transfer to avoid disputes and contact between the parties; the defendants arranged with the bank to have the transfers made automatically on the first of each month and defendants received no notice of the transfers beyond monthly account statements; defendants had sufficient funds in the account to provide for transfers; and, upon being notified of the missing payment, the bank immediately tendered to plaintiff a cashier's check in the amount of the installment plus interest. Although plaintiff agreed to the method of payment, defendants were solely responsible for the arrangements with the bank to provide for the monthly payments and chose to delegate all responsibility for insuring prompt payment to the bank, even though they had notice of the bank's prior failures in this regard.

5. **Attorneys at Law § 7.4— collection of note—attorneys' fees— evidence sufficient**

The evidence was sufficient to support an award of attorney fees in an action to collect amounts due under a promissory note where the award was supported by the affidavit of plaintiff's attorney and billing statements showing the actual work performed and the attorneys' hourly rates, and the trial court made findings of fact as to the reasonable amount of time required for the services and the reasonableness of the hourly rates.

APPEAL by defendants from *Walker (Russell G., Jr.), Judge.* Order entered 23 March 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 25 January 1989.

Plaintiff instituted this action to recover amounts due under the terms of a promissory note. The note was executed on 9 November 1983 by the individual defendants and defendant Ward

BARKER v. AGEE

[93 N.C. App. 537 (1989)]

& Company, P.A. The terms of the note provided the following: Defendants would pay to plaintiff $700,000.00 without interest in 101 monthly installments of $6,862.00. Each installment was due on the first day of the month beginning 1 December 1984. Upon default in the payment of an installment for fifteen or more days, the holder had the right to declare the entire unpaid balance due and, upon doing so, was entitled to interest on the balance due from the date of default. The note further provided that the holder was entitled to reasonable attorney's fees in an action to enforce the terms of the note. The makers of the note expressly waived presentment, demand, protest, notice of default, or any other conditions on their liability.

The parties agreed that the monthly payments would be made by wire transfer to plaintiff's account with Merrill, Lynch, Pierce, Fenner & Smith, Inc. Defendants arranged to have the transfers made from an account with third-party defendant Citizens National Bank (hereinafter "Bank"). Pursuant to that arrangement, the Bank would automatically transfer the funds each month. Through an oversight, the Bank failed to transfer the required payment for the month of February 1987. The Bank made the next transfer on 2 March 1987. On 17 March 1987, plaintiff notified defendants of his intention to accelerate the note. On 19 March 1987, the Bank tendered to plaintiff a cashier's check in the amount of the missing payment plus interest. Plaintiff rejected that check and subsequent payments tendered by defendants. Plaintiff then filed the complaint in this action.

Defendants filed an answer, counterclaim, and third-party complaint, asserting several defenses based upon plaintiff's conduct in accepting late payments prior to his decision to accelerate the note. They also asserted as a defense that the Bank was solely responsible for any default, and they alleged in their third-party complaint that the Bank would be liable for any amount recovered from defendants by plaintiff. All parties moved for summary judgment. The trial court entered an order granting plaintiff's motion for summary judgment and awarding plaintiff the unpaid principal due on the note ($514,726.00), interest on that amount from 16 March 1987 to 15 March 1988 ($43,285.76), and attorney's fees in the amount of $24,308.00. Defendants and the third-party defendant Bank appeal.

BARKER v. AGEE

[93 N.C. App. 537 (1989)]

*Smith, Helms, Mulliss & Moore, by Robert A. Wicker and Linda S. Bellows, for plaintiff-appellee.*

*Hendrick, Zotian, Cocklereece & Robinson, by T. Paul Hendrick and William A. Blancato, for defendant/third-party plaintiff-appellants.*

*Bell, Davis & Pitt, by Walter W. Pitt, Jr. and J. Dennis Bailey; and Poyner & Spruill, by J. Phil Carlton, Susan K. Nichols, and Mary Beth Johnston, for third-party defendant-appellant.*

PARKER, Judge.

[1]   At the outset, we note that the order which is the subject of this appeal did not resolve defendants' third-party action against the Bank. Therefore, the order was not a final judgment as to all claims and parties. Because the trial court did not make a finding that there was no just reason for delay under Rule 54(b) of the N.C. Rules of Civil Procedure, this appeal is interlocutory and normally would be subject to dismissal unless the order affected a substantial right as provided by G.S. 1-277 and G.S. 7A-27(d). *Sportcycle Co. v. Schroader,* 53 N.C. App. 354, 356, 280 S.E. 2d 799, 800-01 (1981).

In this case, however, the Bank has alerted this Court to the fact that it has filed a separate appeal from a subsequent judgment entered in favor of defendants on their third-party claim. Although the subsequent judgment is not included in the record on this appeal, this Court may take judicial notice of our own records in related proceedings. *See State v. Hill,* 266 N.C. 107, 110, 145 S.E. 2d 349, 351 (1965). Because a final judgment has been entered by the trial court and the issues involved in the main claim are separate and distinct from those involved in the third-party action, no useful purpose would be served by dismissing defendants' appeal. *See Pelican Watch v. U.S. Fire Ins. Co.,* 323 N.C. 700, 375 S.E. 2d 161 (1989) (per curiam). However, since the order which is the subject of this appeal did not determine the Bank's liability and did not affect the Bank's rights, the Bank does not have standing to appeal from this order as an aggrieved party pursuant to G.S. 1-271. *Coburn v. Timber Corporation,* 260 N.C. 173, 132 S.E. 2d 340 (1963). Therefore, the Bank's appeal is dismissed. *Id.*

[2]   Summary judgment is appropriate when there is no genuine issue of material fact and any party is entitled to judgment as a

BARKER v. AGEE

[93 N.C. App. 537 (1989)]

matter of law. Rule 56(c), N.C. Rules Civ. Proc. It is not disputed in this case that a default occurred and plaintiff was entitled to accelerate the debt under the terms of the note. Defendants contend that plaintiff may not enforce the terms of the note under the facts of this case.

Defendants first contend that plaintiff either waived his right to accelerate the debt or is equitably estopped from doing so because he previously accepted late payments. We disagree. The note provides that payments are due on the first of the month and the debt may be accelerated upon a default for fifteen or more days. The record shows that all payments were made prior to the expiration of the fifteen-day grace period until August 1986, when a payment was not made until 22 August 1986. Plaintiff accepted the payment without notifying defendants or the Bank that it had been late. The next default in payment occurred in February 1987 when no payment was made. The next payment was made on 2 March 1987. Plaintiff also accepted that payment without notifying the other parties of its lateness. No additional payment was made before 15 March 1987, and plaintiff notified defendants of his intention to accelerate on 17 March 1987.

A noteholder who repeatedly accepts late installments will be held to have waived the right to accelerate the debt on that ground unless the payor is first notified that prompt payment will be required in the future. *Driftwood Manor Investors v. City Federal Savings & Loan*, 63 N.C. App. 459, 464, 305 S.E. 2d 204, 207 (1983). In the present case, however, plaintiff had accepted only two late installments before he elected to accelerate the debt. *Cf. Driftwood Manor Investors v. City Federal Savings & Loan*, 63 N.C. App. at 461, 305 S.E. 2d at 205 (late payments continuously accepted from April 1979 through March 1980). Generally, no waiver results from isolated instances of acceptance of late payments; only a consistent course of accepting past-due installments will preclude the noteholder from exercising the right to accelerate the debt. G. Nelson & D. Whitman, Real Estate Finance Law § 7.7 at 491 (2d ed. 1985); Annotation, *Acceptance of Past-Due Interest as Waiver of Acceleration Clause in Note or Mortgage*, 97 A.L.R. 2d 997 (1964). In the absence of a consistent course of conduct, acceptance of late payments precludes the noteholder from accelerating for the past defaults but does not waive the option to accelerate for future defaults. *First Fed. Sav. & Loan Ass'n of Phoenix v. Ram*, 135 Ariz. 178, 659 P. 2d 1323 (Ariz. Ct. App. 1983); *McGowan v. Pasol*, 605 S.W.

2d 728, 732 (Tex. Civ. App. 1980). Therefore, plaintiff in this case did not waive his right to accelerate the debt for the default in March 1987.

[3] Plaintiff's acceptance of the prior late payments also did not operate as an estoppel to his enforcement of the acceleration clause in the note. Through the Bank's oversight, no payment was made in February 1987. Defendants contend that, having accepted a payment on 2 March 1987, plaintiff knew a second payment would not be made before 15 March 1987 and he merely waited until the grace period expired so that he could accelerate the debt. They argue that plaintiff is estopped from exercising his rights under the note because defendants would have provided the missing payment if plaintiff had notified them of the deficiency.

Although plaintiff's conduct in this case may have been less than exemplary, it does not provide a basis for equitable relief under the facts of this case. Plaintiff took no affirmative action to mislead defendants, but merely did not alert them to the default. Mere silence will not operate to create an estoppel in the absence of a real or apparent duty to speak. *Neal v. Craig Brown, Inc.*, 86 N.C. App. 157, 164, 356 S.E. 2d 912, 916, *disc. rev. denied*, 320 N.C. 794, 361 S.E. 2d 80 (1987). Defendants having executed a note which expressly waived any right to notice of default, they cannot now obtain such a right under the doctrine of equitable estoppel. A right must exist before equity will enforce it. *Sappenfield v. Goodman*, 215 N.C. 417, 421, 2 S.E. 2d 13, 16 (1939). Furthermore, a note which provides for acceleration of the debt upon a default in payment imposes no duty upon the noteholder to exercise the right to accelerate in good faith. *Crockett v. Savings & Loan Assoc.*, 289 N.C. 620, 631, 224 S.E. 2d 580, 588 (1976); *In re Foreclosure of Sutton Investments*, 46 N.C. App. 654, 662, 266 S.E. 2d 686, 690, *disc. rev. denied and appeal dismissed*, 301 N.C. 90 (1980). Thus, plaintiff's conduct does not preclude him from enforcing this unsecured, interest free note according to its terms.

[4] Defendants next contend that plaintiff is precluded from enforcing the acceleration clause in the note because the default was the result of the Bank's error and plaintiff assumed the risk of such an error by agreeing to receive the payments by wire transfer. We disagree.

It is not disputed that the default was caused by the Bank's oversight. The parties have stipulated that plaintiff and defend-

ants agreed to payment by wire transfer in order to avoid disputes and contact between the parties. The record shows that defendants arranged with the Bank to have the transfers made automatically on the first of each month and that defendants received no notice of the transfers beyond monthly account statements. Defendants had sufficient funds in the account to provide for transfers in both February and March of 1987. Upon being notified of the missing payment, the Bank immediately tendered to plaintiff a cashier's check in the amount of the installment plus interest from 1 February 1987 to 19 March 1987, which plaintiff rejected.

Defendants rely on cases from other jurisdictions holding that a noteholder may not accelerate the debt when the parties have agreed to payment by mail and a promptly posted payment has been lost in the mail. *O'Neal v. Horne*, 127 Ariz. 330, 620 P. 2d 709 (Ariz. Ct. App. 1980); *Kerin v. Udolf*, 165 Conn. 264, 334 A. 2d 434 (1973); *Hoch v. Hitchens*, 122 Mich. App. 142, 332 N.W. 2d 440 (1982). Although our courts have not previously considered the question of a noteholder's right to accelerate when an install-ment on a note is lost in the mail, our Supreme Court has held that an insurance company may not cancel a policy when it agrees to accept premiums by mail and a payment is promptly mailed but lost in transit. *Hollowell v. Insurance Co.*, 126 N.C. 398, 35 S.E. 616 (1900). Defendants contend that the reasoning of the above-cited cases is not limited to situations where payment is made by mail. They argue that the same principles must apply to the wire transfers in this case which were made through the Federal Reserve System and governed by federal regulations. 12 C.F.R. §§ 210.25-210.38 (1988).

Under the facts of this case, we find it unnecessary to decide whether policy requires that payment by wire transfer be governed by the same rules as payment by mail. Although plaintiff agreed to the method of payment, defendants were solely responsible for the arrangements with the Bank to provide for monthly payments. Defendants had expressly waived notice of default and they knew that plaintiff had the unqualified right to accelerate the debt if a payment was not received by the fifteenth of the month. Never-theless, they made no arrangement with the Bank for notification of payment or any other procedure to ensure prompt payment. The monthly account statements would not be received in time to enable defendants to cure a default. Moreover, the Bank had previously failed to make timely transfers and in one instance did

not make the transfer until after the grace period had expired. Defendants had constructive notice of these failures from the account statements.

The present case is, therefore, distinguishable from the cases involving payment by mail. Once a letter is mailed, the sender has no control over its delivery and cannot be held liable for events beyond his control. Defendants in this case could have personally ordered each monthly transfer or requested immediate verification of the transfers. Instead, they chose to delegate all responsibility for ensuring prompt payment to the Bank, even though they had notice of the Bank's prior failures in this regard. Defendants were ultimately responsible for making payments under the terms of the note, and they could not avoid that responsibility by delegating it to a third party. Accordingly, we hold that the trial court properly granted plaintiff's motion for summary judgment.

[5] Defendants also contend that there was insufficient evidence to support the trial court's award of $24,308.00 in attorney's fees to plaintiff. The note provided for reasonable fees "but not more than such attorneys' usual hourly charges for the time actually expended." By statute, this provision would have permitted the trial court to award up to fifteen percent of the balance due on the note. G.S. 6-21.2(1). The actual award was far less than fifteen percent of the balance due.

An award of attorneys' fees under G.S. 6-21.2 must be supported by evidence and findings of fact showing the reasonableness of the award. *Coastal Production v. Goodson Farms*, 70 N.C. App. 221, 226, 319 S.E. 2d 650, 655, *disc. rev. denied*, 312 N.C. 621, 323 S.E. 2d 922 (1984). The amount of an award within the permissible limit is a matter within the trial court's discretion. *Id.* In this case, the award was supported by the affidavit of plaintiff's attorney and billing statements showing the actual work performed and the attorneys' hourly rates. The trial court made findings of fact as to the reasonable amount of time required for the services and the reasonableness of the hourly rates. The evidence and findings of fact are sufficient to support the amount of the award, and we find no abuse of the trial court's discretion.

For the foregoing reasons, the trial court's order granting plaintiff's motion for summary judgment and awarding attorney's fees to plaintiff is affirmed.

Affirmed.

Judges EAGLES and LEWIS concur.