IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF FRED C. NEWCOMB AND WIFE, CAROLYN R. NEWCOMB, GRANTOR

No. 928SC627

(Filed 21 September 1993)

1. **Mortgages and Deeds of Trust § 120 (NCI4th)— foreclosure commenced but not completed—trustee entitled to partial commission**

    A trustee who commenced but did not complete foreclosure was entitled to a partial commission, computed under the deed of trust as five percent of the outstanding indebtedness, or $2,515.85, rather than the $10,000 awarded by the trial court. N.C.G.S. §§ 45-21.15(a), 45-21.20.

    **Am Jur 2d, Mortgages §§ 698, 923.**

2. **Fiduciaries § 29 (NCI4th)— deed of trust—foreclosure proceedings—attorney as trustee—right to recover legal expenses—findings required**

    When a trustee of a deed of trust who is also a licensed attorney performs such extraordinary services as described

IN RE FORECLOSURE OF NEWCOMB

[112 N.C. App. 67 (1993)]

in N.C.G.S. § 32-51 in connection with a foreclosure proceeding, counsel is entitled under N.C.G.S. § 45-21.20 to an award of attorney's fees as an expense incurred with respect to the sale or proposed sale; however, to support an award of attorney's fees, the trial court should make findings as to the lawyer's skill, his hourly rate, its reasonableness in comparison with that of other lawyers, what he did, and the hours he spent, and the trial court here abused its discretion in awarding $10,000 in legal expenses on behalf of the trustee without making the required findings.

Am Jur 2d, Mortgages §§ 625-627.

3. Mortgages and Deeds of Trust § 120 (NCI4th) — foreclosure — trustee's legal expenses and commission — waiver of right to contest — insufficiency of evidence

Where mortgagor defaulted on a note secured by a deed of trust, trustee commenced but did not complete foreclosure, and the mortgagor satisfied the debt by selling the property at private sale, that portion of the trial court's order determining mortgagor to have waived his right to contest payment of legal expenses and commission to trustee by virtue of his signing a HUD-1 settlement form reflecting the payment of the legal fees was in error, since the court's order contained no findings of fact regarding the actual or circumstantial evidence of mortgagor's intent in signing the HUD-1 settlement form, and these findings were critical, particularly in view of indications in the record that mortgagor was acting upon advice of counsel, was faced with a deadline for proceeding under N.C.G.S. § 45-21.20, and had filed an appeal of the clerk's order approving $10,000 as trustee's commission.

Am Jur 2d, Estoppel and Waiver §§ 154, 158; Mortgages §§ 15, 16.

Appeal by mortgagor from order entered 23 March 1992 by Judge William Z. Wood, Jr. in Greene County Superior Court. Heard in the Court of Appeals 13 May 1993.

*Everett, Wood, Womble, Finan & Riddle, by J. Darby Wood, for plaintiff-appellant.*

*Horton, Crutchfield & Hulbert, by Robert B. Hulbert, Jr. and Karen M. Crutchfield, for trustee-appellee.*

**IN RE FORECLOSURE OF NEWCOMB**

[112 N.C. App. 67 (1993)]

JOHN, Judge.

Mortgagor Fred C. Newcomb (Newcomb) assigns as error the trial court's denial of his "Motion in the Cause" for remission of a portion of the commission claimed by trustee Joseph Horton (trustee) and the court's approval of $10,000.00 as the amount of commission. For the reasons which follow, we reverse the court's order.

The facts are not in dispute. A deed of trust was executed on 30 April 1984 securing an $80,000.00 principal indebtedness of Newcomb to Shirley Hill Post No. 94 of the American Legion. Newcomb defaulted on the note secured by the deed of trust. Foreclosure proceedings were commenced by trustee whose law firm performed services in connection with the proceedings. An initial sale was held, as well as fourteen re-sales.

Newcomb wished to satisfy the debt pursuant to N.C.G.S. § 45-21.20 (1991) and to sell the property in a private sale to Lloyd Moreen (buyer), not a party to this action. Trustee was informed by Newcomb that, as required by the statute, he would tender payment in the amount of $50,317.04 for the outstanding debt on the deed of trust, $1,471.70 for trustee's advertising expenses, $41.00 for advanced court costs, and $2,515.85, (calculated as 5% of the total indebtedness), for the trustee's commission.

Trustee agreed to the aforementioned figures, except he insisted upon a commission of $10,000.00 to accomplish termination of the power of sale under G.S. § 45-21.20. If the claimed commission was not paid, trustee maintained the foreclosure would proceed and he would complete the sale. Newcomb, through his attorney, suggested buyer pay $10,000.00 into the office of the Greene County Clerk of Superior Court, upon the stipulation the clerk would thereafter determine the amount of commission to which trustee was entitled. Trustee declined to accept this arrangement. Newcomb then filed a Motion in the Cause asking $10,000.00 to be paid into trust pending a hearing before the clerk to determine the proper commission amount, and that upon such hearing, trustee's commission to be set in the amount of $2,515.85. The clerk denied the motion and ordered $10,000.00 be paid to trustee as commission. Newcomb thereafter appealed to the superior court.

Pending the appeal, Newcomb proceeded according to G.S. § 45-21.20 and completed the private sale. Trustee was paid

$10,000.00, and the property contained in the deed of trust was conveyed to buyer, whereupon trustee cancelled the deed of trust. Because of the pending appeal of Newcomb's motion, however, trustee declined to dismiss the foreclosure proceeding immediately, stating he would do so after the commission issue had been resolved.

The trial court thereafter held trustee was entitled to $10,000.00, and that Newcomb waived his right to protest the amount by reflecting payment of $10,000.00 on the settlement statement prepared when the property was sold to buyer. Newcomb appealed the court's order.

I.

[1]  Newcomb first asserts the proper commission authorized by the applicable law and the language of the deed of trust is $2,515.85. We agree.

In its conclusions of law, the court stated trustee, based on G.S. § 45-21.20 and the language of the deed of trust instrument, was "entitled to reimbursement for expenses incurred in the prosecution of the foreclosure, including legal expenses." It further concluded "the sum of $10,000.00 is a fair and proper amount of Trustee's commission and legal services rendered by [trustee's law firm] in this matter."

G.S. § 45-21.20 requires the payment terminating the power of sale to include the debt obligation and "expenses incurred with respect to the sale or proposed sale . . . ." Other compensation permitted under G.S. § 45-21.20 includes "in the case of a deed of trust . . . the trustee's services under the conditions set forth in G.S. 45-21.15[,]" which provides, "[w]hen a sale has been held, the trustee is entitled to such compensation, if any, as is stipulated in the instrument." N.C.G.S. § 45-21.15(a) (1991).

The deed of trust herein differentiates between the amount of trustee commission paid when foreclosures are completed, and when foreclosures are commenced but not completed:

> The proceeds of the Sale shall, after the Trustee retains his commission, be applied to the costs of sale the amount due on the note hereby accrued and otherwise as required by the then existing law relating to foreclosures. The Trustee's commission shall be five per cent of the gross proceeds of the sale or the minimum sum of $_____, whichever is greater,

## IN RE FORECLOSURE OF NEWCOMB

[112 N.C. App. 67 (1993)]

for a completed foreclosure. In the event *foreclosure is commenced, but not completed, the Grantor shall pay all expenses incurred by Trustee and a partial commission computed on five per cent of the outstanding indebtedness* or the above stated minimum sum, whichever is greater, in accordance with the following schedule, to wit: one-fourth thereof before the Trustee issues a notice of hearing on the right to foreclose; one-half thereof after issuance of said notice; three-fourths thereof after such hearing; and the greater of the full commission or minimum after the initial sale.

(Emphasis added). Although a sale had been held below, the foreclosure in question was never completed, as Newcomb extinguished the debt before the period for upset bids had expired. "At any time before the time for upset bids has expired, foreclosure is incomplete . . . ." P. Hetrick and J. McLaughlin, *Webster's Real Estate Law in North Carolina*, § 281, p. 337-38 (3d ed. 1988).

Analyzing the deed of trust according to the directives of G.S. § 45-21.20 and G.S. § 45-21.15, it is apparent from the language of the trust instrument that $10,000.00 exceeds the permissible amount of trustee's commission. Under the express provisions of the instrument quoted above, when foreclosure is "commenced, but not completed," trustee is entitled to a "partial commission" computed as five percent of the outstanding indebtedness or the minimum stated in the deed of trust, (whichever is greater), in accordance with the schedule provided. Because no minimum is specified in the document, the amount of commission must be computed as five percent of the outstanding indebtedness as set out in the schedule contained in the instrument.

Since an initial sale was held, the schedule provides the proper commission is "the greater of the full commission or minimum [provided in the instrument] after the initial sale." While the drafter's use of the terms "partial" and "full" commission reflects less than model clarity, it is apparent that the intended commission would be "partial" because the foreclosure was not completed, yet would be in the "full" amount appropriate under the instrument—that is, five percent of the outstanding indebtedness as no minimum is specified in the deed of trust. The outstanding indebtedness on 31 January 1992, the date Newcomb exercised his right of redemption, was $50,371.04. Five percent of that amount is $2,515.85, which is therefore the proper trustee's commission to be paid. According-

ly, to the extent the trial court allowed an amount in excess of $2,515.85 as trustee's commission, the court erred.

## II.

[2] Our resolution of the amount of trustee's commission, however, does not conclude our inquiry. As previously noted, the trial court ruled trustee was entitled to reimbursement for "expenses incurred in the prosecution of the foreclosure, including legal expenses," and awarded trustee $10,000.00 as *both* commission and compensation for legal services. We must consider, therefore, the propriety of the court's order for "legal expenses."

Again, G.S. § 45-21.20 authorizes compensation to a trustee for "expenses," and the deed of trust in question provides for payment of "all expenses incurred by Trustee." A non-lawyer trustee, such as a financial institution not maintaining in-house counsel, understandably might require legal advice and assistance in the administration of a deed of trust or in a foreclosure proceeding. Under such circumstances, the sums paid to counsel for services rendered would properly constitute an "expense" incurred by the trustee. Where the trustee is also a licensed attorney, G.S. § 32-51 provides for the allowance of:

> counsel fees to an attorney serving as a . . . trustee (*in addition to the compensation allowed him as a . . . trustee*) where such attorney . . . renders professional services, as an attorney, which are beyond the ordinary routine of management and of a type which would reasonably justify the retention of legal counsel by any . . . trustee not himself licensed to practice law.

N.C.G.S. § 32-51 (1991) (emphasis added). When a trustee of a deed of trust who is also a licensed attorney performs such extraordinary services as described in this statute in connection with a foreclosure proceeding, we hold counsel is entitled under G.S. § 45-21.20 to an award of attorney's fees as an "expense[ ] incurred with respect to the sale or proposed sale . . . ."

In passing on the allowance of attorney's fees pursuant to statutory authority, however, our appellate courts have consistently held a trial court's order "must contain a finding or findings upon which a determination of the reasonableness of the award can be based, such as the nature and scope of the legal services rendered and the time and skill required." *Patton v. Patton*, 78 N.C. App. 247, 258-59, 337 S.E.2d 607, 614 (1985), *rev'd in part*

*on other grounds*, 318 N.C. 404, 348 S.E.2d 593 (1986); *see also Austin v. Austin*, 12 N.C. App. 286, 296, 183 S.E.2d 420, 427 (1971). "Reasonableness, not arbitrary classification of attorney activity, is the key factor under all our attorneys' fees statutes." *Coastal Production Credit Ass'n v. Goodson Farms, Inc.*, 70 N.C. App. 221, 228, 319 S.E.2d 650, 656, *disc. review denied*, 312 N.C. 621, 323 S.E.2d 922 (1984); *see also* N.C.G.S. §§ 6-21.1 (1986); 6-21.4 (1986); 50-13.6 (1987); 50-16.4 (1987). In *Stadiem v. Stadiem*, 230 N.C. 318, 52 S.E.2d 899 (1949), our Supreme Court said:

> [t]here are so many elements to be considered in an allowance of [attorney's fees]—the nature and worth of the services; the magnitude of the task imposed; . . .—these and many other considerations are involved. On this appeal the question before us is not whether the award may not have been larger than that anticipated or even usual in cases of that kind; but whether in consideration of the circumstances under which it was made it was so unreasonable as to constitute an abuse of discretion.

*Id.* at 321, 52 S.E.2d at 901.

In *Barker v. Agee*, 93 N.C. App. 537, 378 S.E.2d 566 (1989), *aff'd in part, rev'd in part on other grounds*, 326 N.C. 470, 389 S.E.2d 803 (1990), this Court found sufficient findings of fact to support the award of attorney's fees under N.C.G.S. § 6-21.2 (1986) where plaintiff's attorney submitted an affidavit including billing statements showing actual work performed and the attorney's hourly rates. *Id.* at 544, 378 S.E.2d at 570-71. The trial court made findings of fact as to the reasonable amount of time required for such services and the reasonableness of the hourly rates. *Id.* at 544, 378 S.E.2d at 571. In contrast, this Court reversed an award of attorney's fees where, in the absence of supporting evidence, the court made a sole finding and conclusion that the attorney's services had a "reasonable value in excess of $2,000." *Falls v. Falls*, 52 N.C. App. 203, 221, 278 S.E.2d 546, 558, *disc. review denied*, 304 N.C. 390, 285 S.E.2d 831 (1981). "To support an award of attorney's fees, the trial court should make findings as to the lawyer's skill, his hourly rate, its reasonableness in comparison with that of other lawyers, what he did, and the hours he spent." *Id.*

While the foregoing cases were decided under several different statutes, we hold the principles enunciated therein to be equally applicable to the case *sub judice* involving attorney's fees awarded to a trustee. An examination of the record in view of these re-

quirements first reveals an "Affidavit of Legal Services and Expenses in Newcomb Foreclosure" which is referenced in the court's findings. In contrast with *Falls*, discussed above, where no evidence was offered in support of the award of attorney's fees, this exhibit does list services performed. Although the trial court thus had before it some evidence that legal work was done, the affidavit contains neither the amount of time required to complete each task, nor a fee or value assigned to the particular tasks or the time expended in performing them. An examination of the court's order, moreover, reveals only a recitation of the amount of the award itself and a generalized characterization of the legal assistance as being "substantial" and "fairly worth the amount of at least $10,000.00." There are, for example, no findings regarding the nature or scope of the legal services rendered by trustee, no statement of the time and skill required to perform the tasks, nor any determination such services were either extraordinary or beyond the routine duties of one serving as named trustee in a deed of trust instrument. *Compare Coleman v. Coleman*, 74 N.C. App. 494, 498-99, 328 S.E.2d 871, 874 (1985) (the court's finding that counsel rendered "valuable legal services" held insufficient to support an award of attorney's fees) *and Brown v. Brown*, 47 N.C. App. 323, 328, 267 S.E.2d 345, 348-49 (1980) (conclusory finding that plaintiff's attorney rendered "valuable" legal services failed to qualify as a finding upon which a determination of reasonableness of $100 fee can be based). Without appropriate findings in the court's order, including those dealing with the issue of "reasonableness," an award of counsel fees to a trustee as "legal expenses" constitutes an abuse of the court's discretion. *See Stadiem*, 230 N.C. at 321, 52 S.E.2d at 901.

Because the findings of fact and conclusions of law do not support the amount of attorneys' fees awarded as "legal expenses," therefore, we hold the court erred in its order by awarding $10,000.00 in "legal expenses" on behalf of trustee.

III.

[3]  Lastly, trustee contends the trial court's order should be affirmed because Newcomb waived his right to contest the amount paid. In its order, the court found Newcomb "signed a standard HUD-1 Settlement Sheet reflecting an item for 'Robert B. Hulbert, Jr.—Legal Services,'" and concluded "[t]hat the conduct of Fred Newcomb in the private sale of the real estate involved in this foreclosure, and the execution of a HUD-1 Settlement Sheet reflect-

ing the payment of the [legal] fees, constitutes a waiver of the right to protest the amount of legal expenses and commission incurred by the Trustee . . . ." Although the record does reflect Newcomb signed the HUD-1 form, we decline to hold the court's single finding of this fact supports a legal conclusion of waiver.

In a non-jury trial, "determining the credibility of the witnesses and weighing [the] evidence [are] the duty and prerogative of the trial judge . . . ." *Warren v. Guttanit, Inc.*, 69 N.C. App. 103, 107, 317 S.E.2d 5, 9 (1984). Therefore, "[w]here . . . the trial judge's findings are supported by the evidence and those findings in turn support his conclusions of law, they are binding on appeal." *Lumbee River Elec. Membership Corp. v. City of Fayetteville*, 309 N.C. 726, 741-42, 309 S.E.2d 209, 219 (1983). However, the conclusions of law "must be based on the facts found by the court. A bare conclusion unaccompanied by the supporting grounds for that conclusion does not comply with G.S. 1A-1, Rule 52(a)(1)." *Appalachian Poster Advertising Co., Inc. v. Harrington*, 89 N.C. App. 476, 480, 366 S.E.2d 705, 707 (1988) (citations omitted). The supporting findings of fact are required so the appellate court can give meaningful review to the conclusions of law and "test the correctness of [the lower court's] judgment." *Id.*

"A waiver is a voluntary and intentional relinquishment of a known right or benefit. It is usually a question of intent." *Adder v. Holman & Moody, Inc.*, 288 N.C. 484, 492, 219 S.E.2d 190, 195 (1975). "The intention to waive may be expressed or implied from acts or conduct that naturally lead the other party to believe that the right has been intentionally given up. 'There can be no waiver unless it is intended by one party and so understood by the other, or unless one party has acted so as to mislead the other.'" *Klein v. Avemco Ins. Co.*, 289 N.C. 63, 68, 220 S.E.2d 595, 599 (1975) (quoting 7 Strong's N.C. Index 2d *Waiver* § 2, p. 527 (1968)).

Reviewing the court's order pursuant to the foregoing appellate and waiver principles, we observe it contains no findings of fact regarding the actual or circumstantial evidence of Newcomb's intent in signing the HUD-1 settlement statement form. These findings are critical to a legal conclusion of waiver, particularly in view of indications in the record Newcomb was acting upon advice of counsel, was faced with a deadline for proceeding under G.S. § 45-21.20, and had filed an appeal of the clerk's order approving $10,000.00 as trustee's commission. Accordingly, because of the

lack of sufficient findings to support the conclusion of law reciting waiver by Newcomb, that portion of the court's order determining Newcomb to have waived his right to contest payment of "legal expenses and commission" to trustee was in error.

Based on the foregoing, therefore, the order of the trial court is hereby reversed, and this cause is remanded for further proceedings not inconsistent with the opinion herein.

Reversed and remanded.

Judges WELLS and COZORT concur.