CARR v. SMITH.

(Filed November 12, 1901.)

1. WITNESSES—*Examinations—Cross-Examination.*

Where a party to an action is examined as to collateral matters, he can not be contradicted.

2. PRINCIPAL AND SURETY—*Burden of Proof—Negotiable Instruments—Supplemental Surety—Contracts.*

Where one of two sureties claims to be a supplemental surety by agreement, the burden is upon him to show the agreement.

3. PRINCIPAL AND SURETY—*Co-sureties.*

In an action against an alleged co-surety to recover money paid in settlement of their joint liability, the amount received by the plaintiff as interest on collaterals deposited, should be deducted from the amount paid by plaintiff.

ACTION by J. S. Carr against J. W. Smith, heard by Judge *W. B. Council* and a jury, at March Term, 1901, of the Su-

perior Court of DURHAM County.   From a judgment for the
plaintiff, the defendant appealed.

*Manning & Foushee,* for the plaintiff.
*Boone, Bryant & Biggs,* for the defendant.

MONTGOMERY, J.   This action was brought by the plain-
tiff to recover of the defendant certain amounts of money
which he alleged he had paid for the defendant as a co-surety,
the Golden Belt Hosiery Company being the principal debtor.
The questions raised on the trial were, first, whether or not
the defendant Smith was a supplemental surety or endorser
to the plaintiff; and, if such, what amount did he owe the
plaintiff?

On the cross-examination the defendant Smith, a witness
in his own behalf, was asked by plaintiff's counsel if he did
not tell Carr not to take into the business Carrington; that
if they got into trouble he would "lie down" on them, and
he answered he did not tell him so.   Afterwards, T. M. Gor-
man was introduced by the plaintiff and allowed to testify,
over the objection of the defendant, that "the defendant had
stated to him that Carr wishes to associate Carrington in
the business, and that he (Smith) objected to Carrington,
saying that he (Smith) was afraid Carrington would lay
down on them if they got into any trouble."   The evidence
ought not to have been allowed, because it was collateral to
the issue.   It was not substantive evidence, and did not tend
to prove or disprove the main issue as to the defendant's
indebtedness to the plaintiff.

The rule of evidence is thus stated in 1 Greenleaf, sec. 419:
"But it is a well-settled rule that a witness can not be cross-
examined as to any fact which is collateral and irrelevant to
the issue, merely for the purpose of contradicting him by
other evidence if he should deny it, thereby to discredit his

testimony.   And if a question is put to a witness which is
collateral and irrelevant to the issue, his answer can not be
contradicted, but is conclusive against him."   It is said that
the rule is relaxed in cases when the cross-examination relates
to collateral matters that tend to show the temper, disposition
or bias of the witness cross-examined.   But in this instance
the rule can not be said to be relaxed, for the witness is one
of the parties to the suit himself, and might naturally be ex-
pected to have feeling in the suit and its results, though the
question put to him on cross-examination really had no
tendency to prove it.   The purpose of that part of the cross-
examination was to discredit the witness, and the plaintiff
was concluded by his answer.   *Kramer v. Electric Light Co.,*
95 N. C., 277; *State v. Patterson,* 74 N. C., 157; *Burnett v.
Railroad,* 120 N. C., 517.

It was admitted by the defendant that he signed and
endorsed the obligations of the Golden Belt Hosiery Company
with the plaintiff, and that the company made default in
the payment of the balances, which the plaintiff paid after
the default, but the defendant denied that he was co-surety
upon these obligations with the plaintiff, but that he stood
as a supplemental surety or endorser by reason of a special
agreement and understanding with the plaintiff that the
plaintiff would protect and save him harmless against loss
on account of such signing and endorsement.   His Honor
properly told the jury that the Golden Belt Hosiery Com-
pany was the principal debtor, and the defendant, in order
to rebut the presumption of suretyship, must prove by the
greater weight of the evidence to the jury that he was sup-
plemental surety, that is, that he signed the obligations for
the accommodation of the plaintiff, and by agreement with
Carr that he would be protected from liability or loss in
the matter.

It was admitted that the amount paid by the plaintiff to

the bank was $685. The defendant plead in the way of a counter-claim the amount of $420, which, he averred, that the plaintiff had received from Manning, Trustee, the same being the semi-annual interest due on certain collaterals in the hands of Manning as a security for the debt due by the Golden Belt Hosiery Company to the First National Bank, and for which the plaintiff and defendant were sureties. The plaintiff admitted that he had received the $420, but that Paul C. Graham, the duly appointed receiver of the Golden Belt Hosiery Company, had instituted a suit against the plaintiff, and Manning, Trustee, wherein the $420 was inquired into before the referee, Zollicoffer, and that a report of the referee had been filed.

On the trial, no evidence was introduced in reference to the matter, and it seems clear that his Honor should have instructed the jury, as requested by the defendant, that if they believed *all* the evidence on that point, the $685.22 paid by Carr to the bank should be reduced by the amount of $420.

It makes no difference whether or not the stock in Manning's hands, as collateral, reached the bank after the maturity of the semi-annual interest on the same fell due. The plaintiff got that amount, as the interest, and it was intended for the benefit of both the plaintiff and the defendant when the collateral was put up, the interest then being not due and the coupons unclipped.

New Trial.