E. V. HOWELL, AGENT, v. W. S. ROBERSON, L. D. PENDERGRAFT AND W. A. LLOYD.

(Filed 23 October, 1929.)

1. **Homestead D a—Agreement in note of waiver of homestead is not enforceable.**

A promise on the face of a note to waive the homestead exemption and to pay attorneys' fees in its collection is not enforceable in this State.

2. **Bills and notes D b—Those who sign note as makers may not show different liability as against holder.**

An endorser of a note is one who writes his name on the back thereof, C. S., 3044, and one who writes his name, with others, on the face thereof after the written obligation to pay, is prima facie regarded as a maker, and he may not show a different liability as against the holder or payee acquiring without notice, but may show primary and secondary liability as against the other signers of the instrument by sufficient competent evidence. C. S., 2977, 3041.

APPEAL by L. D. Pendergraft from *Cranmer, J.,* at August Term, 1929, of ORANGE. Affirmed.

*Gattis & Gattis for W. A. Lloyd.*
*R. O. Everett for L. D. Pendergraft.*

CLARKSON, J. The plaintiff, E. V. Howell, agent, instituted this action against the defendants to recover upon a note executed by the defendants in his favor, as follows:

$1,500.00.                         Chapel Hill, N. C., 12/13/1926.

Six months after date ........ promise to pay to E. V. Howell, agent, or order, without offset, fifteen hundred dollars, negotiable at the Bank of Chapel Hill, N. C.

"For value received, and we, the makers and endorsers hereby waive our benefit to the homestead exemption as to this debt, and agree to continue and remain bound for the payment of this note and all interest thereon, notwithstanding any extension of time granted to the principal, and also waive presentment, demand, protest and notice of same, and agree to pay ten per centum attorneys' fees if collected by law.

No. 1500.                                        W. S. ROBERSON,
Due 6/13/27                .                      W. A. LLOYD,
P. O.                                            L. D. PENDERGRAFT."

It may be noted that the waiver of homestead in the manner set forth in the above note is contrary to the law in this jurisdiction and also the allowance of attorneys' fees.

The contention of Pendergraft was to the effect that he was liable to W. S. Roberson, but secondarily to W. A. Lloyd. The contention of Lloyd was to the effect that Pendergraft and himself "signed the instrument sued on as makers thereof for the accommodation of the defendant, W. S. Roberson, and it is alleged that the defendant, Pendergraft, and this defendant are sureties upon the said note and are jointly and severally liable thereon."

It will be seen from the language of the note "any extension of time granted to the principal" would imply that the other makers were sureties.

Pendergraft contends that he is an accommodation endorser and secondarily liable to his codefendant, Lloyd, in the order in which their names appear on the face of the note, there being no evidence to vary the priority. We cannot so hold.

Under the law in this jurisdiction, all three who signed the note were joint makers and may be so held by the payee or holder of the note. C. S., 2977, 3041. As among themselves, they may ordinarily show by

parol their respective liability to each other on the note. Co-principals and co-sureties are presumed to assume equal liability, but this presumption may be rebutted by parol evidence. *Smith v. Carr,* 128 N. C., 150; *Carr v. Smith,* 129 N. C., 232; *Lancaster v. Stanfield,* 191 N. C., at p. 343; *Trust Co. v. Boykin,* 192 N. C., 262; *State Prison v. Bonding Co.,* 192 N. C., 391. See *Busbee v. Creech,* 192 N. C., 499. In the present action the defendant, Pendergraft, attempted to show that he was secondarily liable to Lloyd. We do not think the evidence sufficient to establish this fact. There was no evidence sufficient to show either an implied or express agreement with Lloyd. that Pendergraft should be liable secondarily to him.

The assignment of error made by Pendergraft: "For that his Honor sustained defendant Lloyd's motion to grant judgment as of nonsuit as to defendant Pendergraft, at the close of defendant Pendergraft's evidence." This cannot be sustained. Lloyd and Pendergraft were both prima facie makers. Pendergraft was not an endorser of the note; he did not put his name on the back of the note. C. S., 3044, 3049. In this jurisdiction it is well settled that a person placing his name on the back of a note is, nothing else appearing, an endorser and liable on the note only as endorser. *Dillard v. Mercantile Co.,* 190 N. C., 225. A person placing his name on the face of a note is, nothing else appearing, a maker and liable on the note as such. The judgment below is

Affirmed.