Sloop v. London

---

LARRY A. SLOOP AND CLAUDINE A. SLOOP, HIS WIFE, PLAINTIFFS v. ALVIN A. LONDON, TRUSTEE, CHARLES J. SMITH, AND DAC FINANCIAL SERVICES, INC. OF CHARLOTTE, DEFENDANTS AND CORA E. SLOOP, ADDITIONAL PARTY, DEFENDANT

No. 7519SC457

(Filed 19 November 1975)

Mortgages and Deeds of Trust § 39— wrongful foreclosure — sale conducted by secured party's agent

Plaintiffs' evidence was sufficient for the jury in an action for wrongful foreclosure of a deed of trust brought against the trustee, the secured party, and the secured party's manager where it tended to show that the deed of trust imposed a duty on the trustee to hold the property in trust for the secured party, to sell the property at public auction upon demand of the secured party, and to receive and disburse the proceeds of the sale; the foreclosure sale was conducted by the secured party's manager; neither the trustee nor his attorney was at the sale; only one bid was made at the sale; an attorney, as agent for the trustee, signed the preliminary "report" of the sale before the sale was ever conducted; the check for the purchase price was given directly to the secured party; and the trustee later ratified the sale in his "final report."

APPEAL by plaintiff from *Crissman, Judge.* Judgment entered 6 March 1975 in Superior Court, CABARRUS County. Heard in the Court of Appeals 19 September 1975.

This is a civil action wherein the plaintiffs, Larry A. Sloop and his wife, Claudine A. Sloop, seek damages from the defendants, Alvin A. London, Trustee in a deed of Trust; DAC Financial Services, Inc. (DAC), the secured party in the deed of trust; and Charles J. Smith, Charlotte manager of DAC, for the alleged wrongful foreclosure of the deed of trust and the sale of plaintiff's property described therein. By order of the court, Cora E. Sloop, holder of a subordinate deed of trust on the same property was made an additional party defendant.

The plaintiffs' evidence tended to show: In 1959 Larry Sloop bought the property located at 507 McCombs Avenue in Kannapolis. In 1971 plaintiffs borrowed $10,000 from Citizens Savings & Loan using the property as security. On 28 September 1971 plaintiffs obtained a loan from DAC in the amount of $6,679.20, executing a deed of trust on their property as security for the loan. Alvin A. London was named trustee in the deed of trust securing plaintiffs' indebtedness to DAC. When plaintiffs obtained the loan from DAC, Cora Sloop held a security interest in the property which she agreed to subordinate to DAC's security interest in the property.

Plaintiffs stopped making payments on the loan from DAC in April 1972. On 23 June 1972, plaintiffs received a letter from Benjamin McCubbins, an attorney in Salisbury, advising plaintiffs that their payments on the loan from DAC were in arrears. They subsequently received three other letters from McCubbins, the last on 3 August 1972. Those letters informed plaintiffs that McCubbins had been requested to institute foreclosure proceedings; that he had instituted foreclosure proceedings; and that plaintiffs could "stop this process at any time prior to September 8, 1972 by paying the balance owed plus costs and fees involved." Plaintiffs went to Charlotte on 10 August 1972 and talked with Charles J. Smith at DAC who told them "he thought he could give . . . [plaintiff Larry Sloop] time to work the problem out," and "that he would stop any such letters as from McCubbins . . . . " But, foreclosure proceedings continued, notice being published in *The Concord Tribune* in accordance with the statute then in effect.

On 8 September 1972 at 12:00 noon, the foreclosure sale was conducted. London, trustee under the deed of trust, was not present at the sale nor was there any attorney present representing London. Instead the sale was conducted by Charles J. Smith. There was one bid made in the amount of the debt owing DAC; that bid being made by Allan Miles Companies, Inc., which made the check for the deposit payable to Benjamin McCubbins and later paid the balance, by check, directly to DAC. While neither London, trustee, nor McCubbins, the attorney, was present at the sale, a report of the sale to Allen Miles Company, Inc., signed:

> ALVIN A. LONDON, Trustee
> BY: s/ Benjamin D. McCubbins
>        Attorney for Trustee

was filed in the office of the Clerk of Superior Court at 12:01 p.m. on the same day.

Defendant London, on 26 September 1975, signed and filed a "final report of sale" in the office of the Clerk of Superior Court, indicating that he had conducted the sale on 8 September 1975; that Miles became the highest bidder at $4,838.75; that he had collected the purchase price from Miles; that he had disbursed the proceeds; and that he had executed and delivered the deed to Miles.

Plaintiff, Larry Sloop, testified that the property was worth not less than $22,000.00.

At the close of plantiffs' evidence, defendants London, Smith and DAC moved for a directed verdict. From the granting of defendants' motion, plaintiffs appealed.

*Edwin H. Ferguson, Jr., for plaintiff appellants.*

*Hartsell, Hartsell & Mills, P.A., by W. Erwin Spainhour for defendant appellees, Alvin A. London, Charles J. Smith, and DAC Financial Services, Inc.*

*No counsel for additional defendant Cora Sloop, appellee.*

HEDRICK, Judge.

Plaintiffs assign as error the granting of defendants' motion for a directed verdict at the close of plaintiffs' evidence. In granting the directed verdict the court found, as defendants argued in their motion, "[t]hat the record contains no evidence . . . that would constitute a wrongful foreclosure in contemplation of law or evidence which would entitle the plaintiffs to recover money damage from the defendants or either of them."

As to evidence of damages, in a wrongful foreclosure action, it is not necessary to prove damages to withstand a directed verdict, since, regardless of proof of any actual damages, plaintiffs would be entitled to at least nominal damages should the jury find there was a wrongful foreclosure. *Bowen v. Fidelity Bank,* 209 N.C. 140, 183 S.E. 266 (1936); 5 Strong, N. C. Index 2d, Mortgages and Deeds of Trust, § 39, pp. 594-595.

In ruling on a motion for directed verdict, the plaintiffs' evidence along with any reasonable inference that can be drawn

from the evidence, must be considered in the light most favorable to plaintiffs, *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47 (1969), and only when it is clear as a matter of law that plaintiffs have shown no right to relief should the judge grant defendants' motion for a directed verdict. *Roberts v. Reynolds Memorial Park,* 281 N.C. 48, 187 S.E. 2d 721 (1972); *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971).

The language of the deed of trust imposed a duty on the Trustee, London, to hold the property in trust for DAC and upon demand of DAC to sell the property at public auction. The deed of trust also imposed a duty on London to receive and to disburse the proceeds of the sale in accordance with the priorities enumerated in the deed of trust.

The clear language of the deed of trust as well as North Carolina law, imposes upon the trustee a *fiduciary* duty to use diligence and fairness in conducting the sale and to receive and disburse the proceeds of the sale. *Mills v. Mutual Building and Loan Assn.,* 216 N.C. 664, 6 S.E. 2d 549 (1940); *Hinton v. Pritchard,* 120 N.C. 1, 26 S.E. 627 (1897); *Huggins v. Dement,* 13 N.C. App. 673, 187 S.E. 2d 412 (1972), app. dismissed 281 N.C. 314, 188 S.E. 2d 898 (1972).

With these standards in mind, the evidence shows that London was the trustee under the deed of trust but that Charles J. Smith as agent of DAC conducted the foreclosure sale. The evidence further shows that London was not at the sale nor was he represented at the sale by McCubbins; that only one bid was made at the sale; and that McCubbins, as agent for London, signed the preliminary "report" of the sale before the sale was ever conducted. The check for the purchase price was given directly to DAC. In addition, London later ratified the sale in his "final report." The deed of trust itself imposes upon London the duty to conduct the sale. Clearly, the fact that London took no part in the sale yet ratified the sale conducted by Smith, the agent of the beneficiary, shows a breach of duty and of the terms of the deed of trust sufficient to withstand a motion for a directed verdict.

As to whether the directed verdict was proper as regards DAC and its agent Charles J. Smith, "[a] creditor can exercise no power over his debtor with respect to . . . property [subject to the deed of trust] because of its conveyance to the trustee with power to sell upon default of the debtor." *Mills v. Building*

*& Loan Assn., supra* at 669. "The power [to sell under a deed of trust] cannot be exercised by the holder of the obligation secured, if he is not the trustee . . . since his control over the security consists in his right to call on the trustee, when default occurs, to advertise and sell and to require him to comply . . . . " 59 C.J.S., Mortgages, § 555, p. 913. Since the trustee, London, had the sole authority and duty to conduct the sale, Charles J. Smith, as agent for the creditor DAC, was wholly without such authority under the deed of trust. The legal title to the property rested with the trustee. Under the deed of trust DAC, as creditor and holder of the note, could only demand that the trustee sell the property; it could not conduct the sale itself through one of its agents. Plaintiffs have charged London with a breach of his fiduciary duty. It seems no less than right to hold responsible those who have knowingly participated in that dereliction of duty. *Erickson v, Starling,* 233 N.C. 539, 542, 64 S.E. 2d 832, 834 (1951).

For the reasons stated, the judgment directing a verdict for the defendants London, Smith and DAC is reversed and the cause is remanded to the Superior Court for further proceedings.

Reversed and remanded.

Judges MORRIS and ARNOLD concur.