IN THE MATTER OF: THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY FERRELL BROTHERS FARMS, INC.

No. 941SC674

(Filed 4 April 1995)

**Mortgages and Deeds of Trust § 120 (NCI4th)— foreclosure sale—trustee's commission and attorney's fees—court approval of amount not required**

A trustee conducting a sale of real property pursuant to an express power of sale contained in a mortgage or deed of trust is not required to receive court approval of the amount of the disbursements made pursuant to N.C.G.S. § 45-21.31(a), including the trustee's commission and attorney's fees.

**Am Jur 2d, Mortgages §§ 978 et seq.**

Appeal by Essex Mortgage Corporation from order entered 17 March 1994 in Currituck County Superior Court by Judge Thomas S. Watts. Heard in the Court of Appeals 1 March 1995.

**IN RE FORECLOSURE OF FERRELL BROTHERS FARMS**

[118 N.C. App. 458 (1995)]

*Trimpi & Nash, by John G. Trimpi, for appellant Essex Mortgage Corporation.*

*Pritchett, Cooke & Burch, by Lars P. Simonsen and Stephen R. Burch, for appellee substitute trustee.*

*Everett, Everett, Warren & Harper, by Edward J. Harper, II, for appellee East Carolina Farm Credit, ACA, and in its own behalf as Attorneys for ACA.*

GREENE, Judge.

Essex Mortgage Corporation (Essex) appeals from the trial court's order granting the trustee in a foreclosure proceeding a trustee's commission and permitting the payment of attorneys' fees.

This case arises out of a foreclosure proceeding instituted by East Carolina Farm Credit, ACA, who held the first mortgage (the instrument) on property owned by Ferrell Brothers Farms, Inc. Essex had the rights of a second mortgagee on the same property. After the sale, Essex filed notice with the Currituck County Superior Court claiming ownership of any surplus funds available from the sale. After learning that Essex would challenge the amount of their commission and fees, the trustee and attorneys filed motions with the superior court for the allowance of their respective commission and fees. Essex then filed motions "to limit" the attorneys' fees and the trustee's commissions, on the grounds that those payments reduced the amount of surplus that Essex would eventually recover.

At a hearing before a superior court judge on 3 March 1994 to determine whether the trustee's commission and attorneys' fees should be paid, Essex was not allowed to present evidence challenging the reasonableness of the commission or fees. Because a motion was pending, the trial judge determined that the requested commission and fees were reasonable and held the trustee was entitled to five percent of the gross sale proceeds as his commission and the attorneys were entitled to fifteen percent of the outstanding balance at the time the foreclosure action was instituted as their fees.

---

The dispositive issue is whether a trustee conducting a sale of real property pursuant to an express power of sale contained in a mortgage or deed of trust is required to receive court approval of the amount of the disbursements made pursuant to N.C. Gen. Stat. § 45-21.31(a).

There is no dispute in this case that Essex is entitled to any surplus remaining after the trustee makes the disbursements as required by N.C. Gen. Stat. § 45-21.31(a). The only question is whether the legislature has provided or whether the instrument provides any means for Essex to contest the amount of disbursements made by the trustee. The answer is no.

Upon default and after notice and hearing as required by Chapter 45, Article 2A, a person so designated in a mortgage or deed of trust is authorized to conduct a sale of the property described in the instrument. The sale must be conducted consistent with Chapter 45, Article 2A. The proceeds from the sale

> shall be applied by the person making the sale, in the following order, to the payment of—
>
> (1) Costs and expenses of the sale, including the trustee's commission, if any, and a reasonable auctioneer's fee if such expense has been incurred;
>
> (2) Taxes due and unpaid on the property sold, as provided by G.S. 105-385, unless the notice of sale provided that the property be sold subject to taxes thereon and the property was so sold;
>
> (3) Special assessments, or any installments thereof, against the property sold, which are due and unpaid, as provided by G.S. 105-385, unless the notice of sale provided that the property be sold subject to special assessment thereon and the property was so sold;
>
> (4) The obligation secured by the mortgage, deed of trust or conditional sale contract.

N.C.G.S. § 45-21.31(a) (1991). "Any surplus remaining after the application of the proceeds of the sale as set out in subsection (a) shall be paid to the person or persons entitled thereto . . . ." N.C.G.S. § 45-21.31(b). After the sale is completed and the disbursements made, the trustee is required to file a final report "with the clerk of the superior court of the county where the sale is held." N.C.G.S. § 45-21.33(a) (Supp. 1994). The clerk is required to "audit the account and record it." N.C.G.S. § 45-21.33(b).

The trustee is entitled to compensation "as is stipulated in the instrument," N.C.G.S. § 45-21.15(a) (Supp. 1994), and the trustee's commission is specifically listed as an expense which is properly deducted from the proceeds of the sale. N.C.G.S. § 45-21.31(a)(1).

Although N.C. Gen. Stat. § 45-21.31(a) does not have specific reference to attorneys' fees, to the extent the instrument provides for the payment of such fees, they become an "obligation secured by" the instrument. N.C.G.S. § 45-21.31(a)(4). Thus, any entitlement to and the amount of attorneys' fees required for the conduct of the sale is also controlled by the instrument and subject to deduction from the sale proceeds.

Chapter 45, Article 2A contains no language that suggests the trustee must seek or obtain approval from either the clerk of the superior court or the court prior to making the disbursements permitted in N.C. Gen. Stat. § 45-21.31(a). Additionally, neither party to this appeal suggests that the instrument giving rise to this foreclosure grants anyone the right to contest the disbursements permitted in N.C. Gen. Stat. § 45-21.31(a). Thus, in this case, the disbursements made pursuant to N.C. Gen. Stat. § 45-21.31(a) are within the sole province of the trustee. The trustee is required to file a final report and that report must be audited by the clerk of the superior court. In conducting the "audit," however, the clerk is merely authorized to determine whether the entries in the report reflect the actual receipts and disbursements made by the trustee.

Accordingly, the trial court did not err in refusing to allow Essex to present evidence on the reasonableness of the trustee's commission and attorneys' fees. Indeed, the reasonableness of these expenses was not an issue properly before the trial court.

Affirmed.

Judges COZORT and LEWIS concur.