In the Matter of the Foreclosure Of the Deed of Trust of: VOGLER REALTY, INC.,
Mortgagor-Grantor, to CHARLES N. STEDMAN, Trustee-Appellant, and J.B.
LEE & COMPANY, a N.C. General Partnership, Noteholder. As recorded in Deed
of Trust Book 1090, Page 338

No. COA09-1714

(Filed 7 December 2010)

**Trusts— foreclosure proceeding—attorney fees—audit of
expenses in final report—reasonableness determination
improper for superior court or clerk of court**

The trial court erred by affirming a clerk of court's order dis-
approving a trustee's final report after a foreclosure proceeding,
based on the amount of attorney fees. Neither the superior court
nor the clerk of court had authority to make determinations of
reasonableness of expenses when auditing the trustee's final
report. Under N.C.G.S. § 45-21-33, the clerk was merely autho-
rized to determine whether the entries in the report reflected the
actual receipts and disbursements made by the trustee. An
aggrieved party may challenge the trustee's actions in a separate
action focused on the propriety of the trustee's actions instead of
by motion filed at the time of the audit.

Judge HUNTER, Robert N., dissenting.

Appeal by Trustee from order entered 4 November 2009 by Judge
Ronald L. Stephens in Superior Court, Alamance County. Heard in the
Court of Appeals 12 May 2010.

*Stedman Law, by Charles N. Stedman, for Trustee-Appellant.*

*Bell, Davis & Pitt, P.A., by Michael D. Phillips and Michael A.
Myers, for CommunityOne Bank, N.A., Appellee.*

McGEE, Judge.

Charles N. Stedman (the Trustee) was trustee on a deed of trust
executed by Vogler Realty, Inc. (the Mortgagor-Grantor) and J.B. Lee
& Company, to a parcel of land in Burlington. The Trustee, acting
both as Trustee and the Trustee's Attorney, filed a foreclosure pro-
ceeding under power of sale as set forth in the deed of trust, on 20
March 2009. The Alamance County Clerk of Superior Court (the
Clerk) conducted a hearing at which the Mortgagor-Grantor
appeared, admitted its default, and did not contest the foreclosure.

IN RE FORECLOSURE OF VOGLER REALTY, INC.

[208 N.C. App. 212 (2010)]

The Clerk entered an order authorizing the Trustee to proceed with the foreclosure sale. After the sale was completed, the Trustee filed a Final Report and Account of Foreclosure Sale (the Final Report), for audit and approval, dated 26 June 2009. In the Final Report, the Trustee noted, *inter alia*, the following disbursements to himself: (1) "Trustee's Commission" in the amount of $16,813.12; and (2) "Attorney's Fee" in the amount of $33,573.82.

At the time of the sale, CommunityOne Bank, N.A. (the Bank) was a junior lienholder on the real property secured by the deed of trust. The Bank filed a "motion and objection to disbursements pursuant to the final report and account of foreclosure" on 13 July 2009. The Bank argued that the Trustee's Final Report authorized a disbursement of additional attorney's fees beyond that which was justified, and that the Trustee failed to properly support the amount of the attorney's fees. The Clerk entered an order on 27 July 2009, disapproving the Final Report and ordering the following:

1.  The proposed Final Report and Account of Foreclosure Sale dated June 26, 2009 and showing a Trustee's Commission payable to the Trustee/Attorney in the amount of Sixteen Thousand Eight Hundred Thirteen Dollars and Twelve Cents ($16,813.12) and Attorney's fees payable to the Trustee/Attorney in the amount of Thirty-Three Thousand Five Hundred Seventy-Three Dollars and Eighty Two Cents ($33,573.82) is <u>not</u> approved.

2.  Within thirty (30) days of the docketing of this Order, Trustee/Attorney Charles N. Stedman is to prepare an Amended Final Report and Account of Foreclosure Sale reflecting receipt of Sixteen Thousand Eight Hundred Thirteen Dollars and Twelve Cents ($16, 813.12), being the Trustee's Commission of Five Percent (5%), plus additional attorney's fees in the amount of Four Thousand Seven Hundred Twenty Six Dollars and Eighty Eight Cents ($4,726.88), to be shown on separate lines of the amended Final Report and Account of Foreclosure Sale.

3.  The Amended Final Report and Account of Foreclosure Sale shall be submitted to the Clerk of Superior Court for review, audit, and recording within thirty (30) days of the docketing of this Order, unless this Order is appealed to Alamance County Superior Court.

The Trustee appealed the Clerk's 27 July 2009 order to the superior court which, in an order entered 4 November 2009, "affirm[ed] the Clerk's Order, in its entirety." The Trustee appeals.

The Trustee first argues that the trial court erred in affirming the Clerk's order because neither the superior court nor the Clerk had authority to make determinations of reasonableness when auditing the Trustee's Final Report. We agree.

N.C. Gen. Stat. § 45-21.31(a) sets forth the procedure for distributing the proceeds of a sale from a foreclosure action:

The proceeds of any sale shall be applied by the person making the sale, in the following order, to the payment of—

(1) Costs and expenses of the sale, including the trustee's commission, if any, and a reasonable auctioneer's fee if such expense has been incurred;

(2) Taxes due and unpaid on the property sold, as provided by G.S. 105-385, unless the notice of sale provided that the property be sold subject to taxes thereon and the property was so sold;

(3) Special assessments, or any installments thereof, against the property sold, which are due and unpaid, as provided by G.S.105-385, unless the notice of sale provided that the property be sold subject to special assessments thereon and the property was so sold;

(4) The obligation secured by the mortgage, deed of trust or conditional sale contract.

N.C. Gen. Stat. § 45-21.31(a) (2009). Likewise, N.C. Gen. Stat. § 45-21.33 provides for a: "Final report of sale of real property" and an audit by the clerk of superior court, as follows:

(a) A person who holds a sale of real property pursuant to a power of sale shall file with the clerk of the superior court of the county where the sale is held a final report and account of his receipts and disbursements within 30 days after the receipt of the proceeds of such sale. Such report shall show whether the property was sold as a whole or in parts and whether all of the property was sold. The report shall also show whether all or only a part of the obligation was satisfied with respect to which the power of sale of property was exercised.

(b) The clerk shall audit the account and record it.

N.C. Gen. Stat. § 45-21.33 (2009).

In *In re Foreclosure of Ferrell Brothers Farms*, our Court addressed the scope of the statutory authority granted to the clerk of superior court when conducting an audit pursuant to N.C.G.S. § 45-21.33. *Ferrell*, 118 N.C. App. 458, 455 S.E.2d 676 (1995). In *Ferrell*, we reviewed the trial court's order granting the trustee in a foreclosure proceeding a trustee's commission, as well as allowing the payment of the trustee's attorneys' fees. *Id.* at 459, 455 S.E.2d at 677. After the sale, the holder of a second mortgage filed notice with the trial court, claiming ownership of any surplus funds from the foreclosure sale. *Id.* The trustee and the trustee's attorneys filed motions with the trial court to allow the commission and attorneys' fees, while the second mortgagee moved "to limit" the attorneys' fees and the trustee's commission. *Id.* The trial court conducted a hearing but did not allow the second mortgagee to present evidence as to the reasonableness of the commission and attorneys' fees. *Id.* The trial court determined that the requested commission and attorneys' fees were reasonable and that the trustee and attorneys were entitled to those disbursements. *Id.*

Our Court stated that the issue for review was "whether a trustee conducting a sale of real property pursuant to an express power of sale contained in a mortgage or deed of trust is required to receive court approval of the amount of disbursements made pursuant to N.C. Gen. Stat. § 45-21.31(a)." *Id.* "The only question is whether the legislature has provided or whether the instrument provides any means for [the second mortgagee] to contest the amount of disbursements made by the trustee. *The answer is no.*" *Id.* at 460, 455 S.E.2d at 677-78 (emphasis added).

In reviewing the relevant law, our Court noted that: "The trustee is entitled to compensation 'as is stipulated in the instrument,' . . . [and] [a]lthough N.C. Gen. Stat. § 45-21.31(a) does not have specific reference to attorneys' fees, to the extent the instrument provides for the payment of such fees, they become an 'obligation secured by' the instrument." *Id.* at 460-61, 455 S.E.2d at 677. We therefore recognized that "any entitlement to and the amount of attorneys' fees required for the conduct of the sale is also controlled by the instrument and subject to deduction from the sale proceeds." *Id.* at 461, 455 S.E.2d at 677.

Our Court then addressed the issue of whether the trustee was required to seek approval of the amount of disbursements:

Chapter 45, Article 2A contains no language that suggests the trustee must seek or obtain approval from either the clerk of the superior court or the court prior to making the disbursements permitted in N.C. Gen. Stat. § 45-21.31(a). . . . Thus, in this case, the disbursements made pursuant to N.C. Gen. Stat. § 45-21.31(a) are within the sole province of the trustee. The trustee is required to file a final report and that report must be audited by the clerk of the superior court. In conducting the "audit," however, *the clerk is merely authorized to determine whether the entries in the report reflect the actual receipts and disbursements made by the trustee.*

Accordingly, the trial court did not err in refusing to allow [the second mortgagee] to present evidence on the reasonableness of the trustee's commission and attorneys' fees. *Indeed, the reasonableness of these expenses was not an issue properly before the trial court.*

*Id.*, 455 S.E.2d at 678 (emphasis added). Thus, we held in *Ferrell* that a clerk of superior court, conducting an audit of a final report and account of sale pursuant to N.C.G.S. § 45-21.33, lacks the statutory authority to make determinations of the reasonableness of expenses listed on the report. *Id.*

Our Court revisited this issue in *In re Foreclosure of Webber*, 148 N.C. App. 158, 557 S.E.2d 645 (2001). In *Webber*, the trustee sought pre-approval from the clerk of superior court of certain costs, expenses, and obligations related to a foreclosure sale. *Id.* at 158-59, 557 S.E.2d at 645. The trustee allocated a payment of "$12,000.00 in legal fees." *Id.* at 160, 557 S.E.2d at 646. The mortgagees objected to certain of the proposed payments, and the clerk of superior court conducted a hearing. *Id.* at 159-60, 557 S.E.2d at 645-46. The clerk entered judgment disapproving the amount of attorney's fees and reducing them, which was appealed to the superior court. *Id.* at 160, 557 S.E.2d at 646. The superior court ruled, *inter alia*, that it had jurisdiction to conduct *de novo* review of the clerk's order; that the clerk did not exceed his authority in entering the order; and that the amount of attorney's fees should be increased in part. *Id.* The trustee and the mortgagors appealed. *Id.* On appeal to our Court, we noted that

within the context of a foreclosure proceeding pursuant to Chapter 45, Article 2A, the legislature has not provided any means for a party to contest payments made by a trustee pursuant to [N.C.G.S. § 45-21.31] subsection (a), and that disputes

regarding such payments are not issues properly before the clerk of superior court or the superior court as a part of a foreclosure proceeding.

*Id.* at 161, 557 S.E.2d at 647 (citing *Ferrell*, 118 N.C. App. at 461, 455 S.E.2d at 678). Our Court then held that the trustee's attorney's fees fell "within the costs, expenses, and other obligations listed in subsection (a) of N.C. Gen. Stat. § 45-21.31." *Id.* at 162, 557 S.E.2d at 647. Therefore, the trustee's proposed payments of attorney's fees were " 'within the sole province of the trustee.' " *Id.* (quoting *Ferrell*, 118 N.C. at 461, 455 S.E.2d at 678). Finally, our Court held that

neither the clerk of superior court nor the superior court had statutory authority under Chapter 45, Article 2A, to review the trustee's proposed application of the proceeds of the foreclosure sale, or to allow, disallow, or modify the amount of such proposed payments, or to rule on whether the trustee had breached his fiduciary duties.

*Webber*, 148 N.C. App. at 162, 577 S.E.2d at 647-48.

In the case before us, we find *Ferrell* and *Webber* controlling. The facts in the present case show that the Trustee conducted a foreclosure sale under a deed of trust containing a power of sale pursuant to Chapter 45, Article 2A of the General Statutes. The Trustee filed a Final Report pursuant to N.C.G.S. § 45-21.33, dated 26 June 2009. In the Final Report, pursuant to N.C. Gen. Stat. § 45-21.31, the Trustee set forth several items, including the distribution of the proceeds of the sale. As stated in *Ferrell*, "any entitlement to and the amount of attorneys' fees required for the conduct of the sale is also controlled by the instrument and subject to deduction from the sale proceeds." *Ferrell*, 118 N.C. App. at 461, 455 S.E.2d at 677-78. The deed of trust in the case before us specifically provides that the Trustee may "retain an attorney to represent him in such proceedings [under power of sale] . . . [and that] [t]he proceeds of the Sale shall[,] after the trustee retains his commission, together with reasonable attorneys fees incurred by the Trustee in such proceeding, be applied to the costs of sale[.]" Thus, the Trustee's payment of attorney's fees and his own compensation fall within the "costs, expenses, and other obligations listed in subsection (a)" of N.C.G.S. § 45-21.31, and were " 'within the sole province of the trustee.' " *Webber*, 148 N.C. App. at 162, 557 S.E.2d at 647 (quoting *Ferrell*, 118 N.C. App. at 461, 455 S.E.2d at 678).

The Bank argued in its motion and objection to disbursements in the Final Report, and in its brief, that the Trustee's payment of additional attorney's fees to himself, as attorney for the Trustee, was prohibited by N.C. Gen. Stat. § 32-61 and by our Court's holding in *In re Foreclosure of Newcomb*, 112 N.C. App. 67, 434 S.E.2d 648 (1993). The Bank also relies on language from the *North Carolina Clerk of Superior Court Procedures Manual*, which states that: "Except in unusual circumstances, there is no authority to justify receipt by a trustee/attorney of both a trustee's fee and a separate attorney fee for a foreclosure under power of sale contained in a deed of trust." School of Government, University of North Carolina at Chapel Hill 2003 at 130.5. The Bank also refers us to the *Corpus Juris Secundum*. However, neither *Corpus Juris Secundum* nor the *Procedures Manual* are binding authority on this Court, whereas the North Carolina General Statutes and prior case law of our Court are.

. In *Newcomb*, our Court addressed the clerk of superior court's authority, under former N.C. Gen. Stat. § 32-51, to review the reasonableness of an attorney-trustee's payment to himself of attorney's fees incurred during an incomplete foreclosure sale that was terminated pursuant to N.C. Gen. Stat. § 45-21.20. *Newcomb*, 112 N.C. App. 67, 434 S.E.2d 648. We note that the current N.C.G.S. § 32-61 contains substantially the same provisions as in the former N.C.G.S. § 32-51. N.C. Gen. Stat. § 32-61 provides that:

> The clerk of superior court may exercise discretion to allow counsel fees to an attorney serving as a fiduciary or trustee (in addition to the compensation allowed to the attorney as a fiduciary or trustee) where the attorney, on behalf of the trust or fiduciary relationship, renders professional services as an attorney that are different from the services normally performed by a fiduciary or trustee and of a type which would reasonably justify the retention of legal counsel by a fiduciary or trustee who is not licensed to practice law.

N.C. Gen. Stat. § 32-61 (2009).

In *Newcomb*, the trustee-attorney initiated a foreclosure sale, but the mortgagor decided to satisfy the outstanding debt prior to completion of the sale pursuant to N.C. Gen. Stat. § 45-21.20. *Newcomb*, 112 N.C. App. at 69, 434 S.E.2d at 649. The trustee-attorney agreed to the arrangement proposed by the mortgagor, but "insisted upon a commission of $10,000.00 to accomplish termination of the power of sale[.]" *Id.* Eventually, the property was sold by the mortgagor through

a private sale pursuant to N.C.G.S. § 45-21.20, and the trustee-attorney and the mortgagor brought the issue of the $10,000.00 commission before the clerk of superior court. *Id.* The clerk ordered $10,000.00 to be paid to the trustee-attorney as a commission. *Id.* The superior court affirmed, ruling that the trustee-attorney was entitled to the $10,000.00 as "*both* commission and compensation for legal services." *Id.* at 72, 434 S.E.2d at 651 (emphasis in the original).

Citing former N.C.G.S. § 32-51, our Court in *Newcomb* held:

> When a trustee of a deed of trust who is also a licensed attorney performs such extraordinary services as described in [former N.C.G.S. § 32-51] in connection with a foreclosure proceeding, . . . counsel is entitled under [N.C.]G.S. § 45-21.20 to an award of attorney's fees as an "expense[] incurred with respect to the sale or proposed sale . . . ."

*Id.* However, we noted that "[i]n passing on the allowance of attorney's fees pursuant to statutory authority . . . our appellate courts have consistently held a trial court's order 'must contain a finding or findings upon which a determination of the reasonableness of the award can be based[.]' " *Id.* (citation omitted). Our Court then reviewed the record and concluded that the "findings of fact and conclusions of law [did] not support the amount of attorneys' fees awarded as 'legal expenses[.]' " *Id.* at 74, 434 S.E.2d at 652.

Thus, as the Bank contends, *Newcomb* did recognize the role of the clerk in evaluating the reasonableness of an attorney-trustee's payment of fees to himself. However, the Bank's reliance on *Newcomb* is misplaced with respect to its argument that the clerk may review a trustee-attorney's payment of fees when auditing a final report. *Newcomb*, and its application of N.C.G.S. § 32-51, dealt solely with a foreclosure sale that was incomplete and terminated pursuant to N.C.G.S. § 45-21.20, which is a different context than that which faces us now.

In contrast, our Court in *Ferrell* and *Webber* dealt with cases where the trustee completed the foreclosure sale and filed a final report pursuant to N.C.G.S. § 45-21.33. Neither *Ferrell* nor *Webber* discussed the applicability of N.C.G.S. § 32-51 to a clerk's audit of a final report pursuant to N.C.G.S. § 45-21.33. The proceeding in the case before us arose from the Bank's objections to the Trustee's Final Report pursuant to N.C.G.S. § 45-21.33, and thus *Ferrell* and *Webber*, rather than *Newcomb*, are controlling. Under N.C.G.S. § 45-21.33, the

clerk "is merely authorized to determine whether the entries in the report reflect the actual receipts and disbursements made by the trustee." *Ferrell*, 118 N.C. App. at 461, 455 S.E.2d at 678.

The dissenting opinion contends that *Newcomb* is not limited to proceedings where a sale was terminated pursuant to N.C.G.S. § 45- 21.20. The dissent also maintains that there is an existing conflict between *Newcomb*, *Ferrell*, and *Webber* and questions the role of our Court in resolving that perceived conflict. Although we do not disagree that the holding in *Newcomb* is not expressly limited to circumstances involving N.C.G.S. § 45-21.20, we find that *Newcomb* is clearly distinguishable from *Webber*, *Ferrell*, and the present case because of the focus in *Webber* and *Ferrell* of the authority of a clerk regarding an audit of a final report and account of sale pursuant to N.C.G.S. § 45-21.33. In making this distinction, our interpretation of *Webber* and *Ferrell* reconciles the holdings in those two cases with that of *Newcomb* and is most applicable to the procedural posture in the case before us.

Our Court provided further guidance in *Webber*, stating:

We suggest that the proper procedure, as contemplated by Chapter 45, Article 2A, was for the trustee to have: (1) made all payments pursuant to subsection (a) of N.C. Gen. Stat. § 45-21.31 as he deemed proper in his discretion; (2) either paid the surplus to the persons entitled thereto, or paid the surplus to the clerk if there were any dispute as to who was entitled thereto, pursuant to N.C. Gen. Stat. § 45-21.31(b); and (3) filed a final report and account with the clerk pursuant to N.C. Gen. Stat. § 45-21.33. We note that a party wishing to challenge payments made pursuant to N.C. Gen. Stat. § 45-21.31(a) may do so in a separate proceeding against the trustee for a breach of fiduciary duty once such payments have been made. *See Sloop v. London*, 27 N.C. App. 516, 219 S.E.2d 502 (1975) (action for wrongful foreclosure alleging, in part, breach of fiduciary duty by trustee).

*Id.* at 162-63, 577 S.E.2d at 648. In the case before us, the Bank challenged payments listed in the Final Report made pursuant to N.C.G.S. § 45-21.33. The "proper procedure," as set forth in *Webber*, would have been for the Trustee to make payments as he deemed proper under N.C.G.S. § 45-21.31 (a) and (b), and then to file his Final Report. The Clerk should have audited the Final Report solely to determine whether the payments were made as reflected in the Final Report. Thereafter, if the Bank wished "to challenge payments made

IN RE FORECLOSURE OF VOGLER REALTY, INC.

[208 N.C. App. 212 (2010)]

pursuant to N.C. Gen. Stat. § 45-21.31(a)[,] [it could] do so in a separate proceeding against the [T]rustee for a breach of fiduciary duty once such payments [had] been made." *Webber*, 148 N.C. App. at 163, 557 S.E.2d at 648. The "proper procedure" suggested by *Webber* focuses on the correctness of the foreclosure proceeding itself. Nothing in our holding affects the right of an aggrieved party to challenge the actions of a trustee in a separate action against the trustee focused on the propriety of the trustee's actions, just not by motion filed at the time of the audit where the clerk is without authority to resolve such matters.

Because the Clerk lacked statutory authority to assess the reasonableness of the payments set out in the Trustee's Final Report, the Clerk's order must be vacated. *Id.* We therefore vacate the Clerk's order and the trial court's order affirming it. In light of our ruling, we need not address the Trustee's remaining arguments.

Vacated.

Judge STROUD concurs.

Judge HUNTER, JR. dissents with a separate opinion.

HUNTER, JR., Robert N., Judge, dissenting.

For the reasons set forth herein, I must respectfully dissent.

The majority opinion addresses two lines of conflicting authority from this Court regarding the discretion, if any, the clerk of court and the superior court possess to approve or deny the attorney's fees charged by trustees in a foreclosure proceeding. *In re Foreclosure of Newcomb*, 112 N.C. App. 67, 434 S.E.2d 648 (1993) represents the first line of cases; and *In re Foreclosure of Ferrell Brothers Farms*, 118 N.C. App. 458, 455 S.E.2d 676 (1995), and *In re Foreclosure of Webber*, 148 N.C. App. 158, 557 S.E.2d 645 (2001), represent the second line of cases.

In *Newcomb*, this Court addresses the propriety of the trial court's order approving a request by the attorney-trustee for attorney's fees as a "fair and proper amount." 112 N.C. App. at 70, 434 S.E.2d at 650. The *Newcomb* Court noted that N.C. Gen. Stat. § 32-51 provides for "counsel fees," in addition to the compensation to be paid to an attorney for his services as a trustee when an attorney-trustee provides services during the foreclosure that would justify the

**IN RE FORECLOSURE OF VOGLER REALTY, INC.**

[208 N.C. App. 212 (2010)]

retention of counsel. *Id.* at 72, 434 S.E.2d at 651 (quoting N.C. Gen. Stat. § 32-51 (1991) (repealed 2005)).

I agree with the majority that the language of the statute supporting the decision in *Newcomb*, N.C. Gen. Stat. § 32-51, is substantially the same as the presently enacted section 32-61, which permits counsel fees for attorneys serving as fiduciaries. N.C. Gen. Stat. § 32-61 (2009). I further agree that *Newcomb* recognizes that the clerk of superior court and the superior court have discretion in determining the reasonableness of an attorney-trustee's request for disbursement of fees to himself. I cannot agree, however, that *Newcomb* limits the clerk's or the trial court's discretion in determining "reasonable attorneys' fees" to only those situations in which the foreclosure was arrested by payment of the underlying debt pursuant to N.C. Gen. Stat. § 45-21.20 (2009).

Longstanding North Carolina precedent permits the award of attorneys' fees only when the fees are provided for in an instrument and allowed by statute.

> As was stated by Chief Judge (now Justice) Brock in *Supply, Inc. v. Allen*, 30 N.C. App. 272, 276, 227 S.E.2d 120, 123 (1976), "[t]he jurisprudence of North Carolina traditionally has frowned upon contractual obligations for attorney's fees as part of the costs of an action." Certainly in the absence of any contractual agreement allocating the costs of future litigation, it is well established that the non-allowance of counsel fees has prevailed as the policy of this state at least since 1879. *See Trust Co. v. Schneider*, 235 N.C. 446, 70 S.E.2d 578 (1952); *Parker v. Realty Co.*, 195 N.C. 644, 143 S.E. 254 (1928). Thus the general rule has long obtained that a successful litigant may not recover attorneys' fees, whether as costs or as an item of damages, unless such a recovery is expressly authorized by statute. *Hicks v. Albertson*, 284 N.C. 236, 200 S.E.2d 40 (1972). Even in the face of a carefully drafted contractual provision indemnifying a party for such attorneys' fees as may be necessitated by a successful action on the contract itself, our courts have consistently refused to sustain such an award absent statutory authority therefor. *Howell v. Roberson*, 197 N.C. 572, 150 S.E. 32 (1929); *Tinsley v. Hoskins*, 111 N.C. 340, 16 S.E. 325 (1892).

*Stillwell Enterprises v. Interstate Equipment Co.*, 300 N.C. 286, 289, 266 S.E.2d 812, 814-15 (1980).

**IN RE FORECLOSURE OF VOGLER REALTY, INC.**

[208 N.C. App. 212 (2010)]

In the foreclosure proceeding underlying the instant case, Volger Realtor (hereinafter "debtor") signed a promissory note dated 26 June 1997 in the principal amount of $250,000 to accrue interest at the rate of 9% per annum and payable in 179 equal monthly installments of $2,011.56. The promissory note's language provides for receipt of attorneys' fees as follows:

> Upon default the *holder* of this Note may employ an attorney to enforce the holder's rights and remedies and the . . . endorsers of this Note hereby agree to pay to the holder *reasonable attorneys' fees* not exceeding a sum equal to fifteen percent (15%) of the outstanding balance owing on said Note, plus all other reasonable expenses incurred by the holder in exercising any of the holder's rights and remedies upon default.

(Emphasis added.) The note further provides, "[t]his note is to be governed and construed in accordance with the laws of the State of North Carolina."

The debtor's obligation was secured by a "North Carolina Deed of Trust" form prepared by the N.C. Bar Association. This document provides the following language:

> If, however, there shall be any default (a) in the payment of any sums due under the Note, this Deed of Trust or any other instrument securing the Note and such default is not cured within ten (10) days from the due date, or (b) if there shall be default in any of the other covenants, terms or conditions of the Note secured hereby . . . and such default is not cured within fifteen (15) days after written notice, then in any of such events, without further notice, it shall be lawful for and the duty of the Trustee, upon request of the Beneficiary, to sell the land herein conveyed at public auction for cash . . . .
>
> The proceeds of the Sale shall after the Trustee retains his commission, together with *reasonable attorneys fees* incurred by the trustee in such proceeding, be applied to the costs of sale, including, but not limited to, costs of collection, taxes, assessments, costs of recording, service fees and incidental expenditures, the amount due on the Note hereby secured and advancements and other sums expended by the Beneficiary according to the provisions hereof and otherwise required by the then existing law relating to foreclosures.

IN RE FORECLOSURE OF VOGLER REALTY, INC.

[208 N.C. App. 212 (2010)]

(Emphasis added.) These are all the relevant terms of the instruments which govern the award of a trustee's commissions and a payment of attorneys' fees in this case.

A trustee in a foreclosure proceeding may or may not require the services of an attorney. When a non-attorney trustee employs an attorney, one assumes that the trustee examines the fee to be charged in discharge of his fiduciary duty to act as a reasonable person would act in conducting his own affairs and insure that the attorneys' fees charged are reasonable. When a trustee also serves as the attorney for the foreclosure proceeding, however, self-dealing makes the exercise of fiduciary duty problematic for the trustee and the determination of a "reasonable" fee under N.C. Gen. Stat. § 32-61 is given to the clerk.

For example, the trustee in prosecuting this foreclosure proceeding acted in conformance with North Carolina law provided in N.C. Gen. Stat. § 6-21.2 (2009) and § 32-61 that enables him to receive "reasonable attorneys' fees" under an instrument of indebtedness. For example, his affidavit contains the following language:

> In my experience, a reasonable attorney's fee for the attorney representing the trustee in a foreclosure special proceeding of fifteen percent (15%) of the outstanding balance due on a note immediately prior to the filing of a foreclosure special proceeding is a fair and reasonable fee and is supported by the statutory and case law of North Carolina.

In addition, the trustee filed with the clerk of court an itemization of his time spent in this matter as trustee and as attorney for the trustee and copies of the documents he prepared. These documents were submitted along with his motion to audit and approve his final account. An examination of the record reveals that the trustee in this matter submitted a factual basis for an award of attorneys' fees using the proper procedure, which I would hold needs to be utilized in all foreclosure proceedings. In my opinion, this action judicially estops the appellant from submitting a different argument on appeal than the argument he put forth in the underlying proceeding. Even if estoppel is not applicable here, it appears this appeal is not based on a difference in law as to what procedure should be used to determine a reasonable fee, but instead is based on a disappointment in the results of the procedure utilized.

The note and deed of trust should be read *in pari materia* to allow an attorney, or a trustee collecting on the note for the holder, to

collect reasonable counsel fees "not to exceed fifteen percent" of the note. When an instrument does not provide for calculation of the amount of "reasonable" attorneys' fees, as in the present case, our courts have held such calculation to be a proper subject for judicial determination. "When the court determines that an award of attorneys' fees is appropriate, but such amount is not fixed by statute or otherwise, the amount ordinarily lies with the discretion of the court." *Coastal Production Credit Ass'n v. Goodson Farms, Inc.*, 70 N.C. App. 221, 319 S.E.2d 650 (1984) (citing *Hill v. Jones*, 26 N.C. App. 168, 170, 215 S.E.2d 168, 170 (1975)).

The plain language of the deed of trust, as well as North Carolina law, imposes a duty to use diligence and fairness in conducting the sale and receiving and disbursing the proceeds of the sale. *Sloop v. London*, 27 N.C. App. 516, 219 S.E.2d 502 (1975). Our Supreme Court has described the duty of the trustee as follows:

> The relaxation of the strict rules equity imposes upon the mortgagor in relation to deeds of trust is predicated upon the theory that the trustee is a disinterested third party acting as agent both of the debtor and of the creditor, thus removing any opportunity for oppression by the creditor and assuring fair treatment to the debtor. He is trustee for both debtor and creditor with respect to the property conveyed. A creditor can exercise no power over his debtor with respect to such property because of its conveyance to the trustee with power to sell upon default of the debtor.

> The trustee for sale is bound by his office to bring the estate to a sale under every possible advantage to the debtor as well as to the creditor and he is bound to use not only good faith but also every requisite degree of diligence in conducting the sale and to attend equally to the interest of the debtor and the creditor alike, apprising both of the intention of selling, that each may take the means to procure an advantageous sale. He is charged with the duty of fidelity as well as impartiality, of good faith and every requisite degree of diligence, of making due advertisement and giving due notice. Upon default his duties are rendered responsible, critical and active and he is required to act discreetly, as well as judiciously, in making the best use of the security for the protection of the beneficiaries.

*Mills v. Building & Loan Ass'n*, 216 N.C. 664, 669, 6 S.E.2d 549, 552 (1940) (citations omitted).

Given this theory of foreclosure law, it is clear, whether the foreclosure is complete or partial, that a trustee is a fiduciary within the context of N.C. Gen. Stat. § 32-61. In this context, a debtor or his assignee, such as a second mortgagee whose pecuniary interest in the proceeds created by the sale (the *in rem* estate), adversely affected by a trustee's discretion, has the right to petition the clerk for relief. In this case, the original debtor's liability for funds due the second mortgagee is adversely affected where the trustee reduces the amount of proceeds available to the second mortgagor. I would hold a successor in interest to the debtor has sufficient standing to raise this issue before the clerk.

*Newcomb* has not been directly overruled by another panel of this Court. Our panel lacks the ability to overrule *Newcomb* as well. The two decisions cited by the majority in support of its opinion, *Ferrell* and *Webber*, postdate *Newcomb* without expressly overruling or modifying its holding. *Newcomb* ratified a well-established procedure in clerks' offices across the state. Until *Newcomb's* rationale has been overruled or affirmed by our Supreme Court, the effect of the majority's decision places in doubt a practice which is efficient and beneficial and does so without any compensating benefit.

The remedy that *Webber* suggests, that a person injured by a trustee's decision may bring a suit for breach of fiduciary duty, seems to me to be a problematic solution for both the fiduciary and the debtor. *Webber*, 148 N.C. App. at 162-63, 577 S.E.2d at 648. Foreclosure procedures are intended to be summary and expeditious. *Webber's* proposed solution unnecessarily lengthens the dispute and would be estopped by a clerk's approval of fees charged.

The prompt judicial review of attorneys' fees is routine in probate and special proceedings matters and is a procedure familiar to both clerks and the practicing bar. For example, the appellee in this case prepared and filed his petition containing sufficient information with which a clerk or judge could ascertain a "reasonable fee."

A trustee's commission fee is predetermined by the instrument or by statute. Permitting a trustee to set his own attorney's fees, however, when the fee is not established by the instruments is inherently a conflict of interest. For example, a trustee is prohibited from jointly representing himself and a noteholder under the North Carolina Rules of Professional Responsibility. *See* North Carolina Revised Rules of Professional Conduct, Rule 1.7 (2009). When a trustee self-deals with regard to fees he is charging a beneficiary, it would be dif-

ficult, if not impossible, for him to subsequently show he acted openly, honestly, and fairly taking no advantage of his beneficiary. On the other hand, when a fiduciary seeks judicial approval for his "reasonable" fees in advance, any interested party may object openly and have the matter promptly resolved by a neutral decision maker. This latter procedure would meet the transparency standard required for trustees establishing their own compensation from funds which are under their supervision.

As neither our General Assembly nor our Supreme Court has resolved the conflict presented by *Newcomb*, *Ferrell*, and *Webber*, the real property practitioner will continue to have difficulty applying the law regarding this matter of significant public interest.

Our statutes and case law hold that trustees are fiduciaries. *See* N.C. Gen. Stat. § 32-61; Sloop, 27 N.C. App. 516, 219 S.E.2d 502. Clerks are allowed to use discretion in the audit procedures contained in N.C. Gen. Stat. § 45-21.33 and § 32-61 for review of "reasonable" attorneys' fees when the instruments do not provide a method of calculating those sums and when a trustee is also serving as his own attorney.